349 So.2d 765 (1977)
Jared K. HOHENBERG, Etc., et al., Appellants,
v.
Arthur KIRSTEIN, III, et al., Appellees.
No. 76-1868.
District Court of Appeal of Florida, Third District.
August 30, 1977.
Rehearing Denied September 23, 1977.
*766 Milton Kelner, Miami, for appellants.
Horton, Perse & Ginsberg, Miami, Preddy, Haddad, Kutner, Hardy & Josephs, Fort Lauderdale, for appellees.
Before PEARSON, BARKDULL and HAVERFIELD, JJ.
PER CURIAM.
By this appeal, we are called upon to review the correctness of a trial court's order dismissing certain counts of a second amended complaint.
The injury involved occurred when the plaintiff, Jared K. Hohenberg, and certain of the defendants were on a hunting expedition, when a shotgun owned by the driver of a vehicle was placed in the vehicle loaded and it discharged, injuring the plaintiff. The principal allegation of negligence in this regard reads as follows:
* * * * * *
"(13) Ducassi was nevertheless so grossly negligent in his operation of the truck and/or in the control of his shotgun that a cartridge was discharged therefrom * * *"
* * * * * *
We hold that this allegation[1] is insufficient to allege a causal connection in the alleged negligent operation of the truck with the alleged negligence that caused the discharge of the shotgun. Therefore, we sustain the order of the trial court dismissing this cause of action. Tampa Electric Company v. Jones, 138 Fla. 746, 190 So. 26 (1939); Ward v. Everett, 148 Fla. 173, 3 So.2d 879 (1941); American Casualty Company v. Pearce, 101 So.2d 440 (Fla. 2d DCA 1958); Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla. 1965).
The other points urged for reversal by the appellant, Jared K. Hohenberg, have been examined and have been found to be without merit. American District Electric Protective Company v. Seaboard Air Line Railway Company, 129 Fla. 518, 177 So. 294 (1937); Carter v. Hector Supply Company, 128 So.2d 390 (Fla. 1961); Brod v. Jernigan, 188 So.2d 575 (Fla.2d D.C.A. 1966); Nicolaysen v. Flato, 204 So.2d 547 (Fla. 4th DCA 1967); Vilord v. Jenkins, 226 So.2d 245 (Fla. 2d DCA 1969); Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla. 3rd DCA 1967); Wood v. Camp, 284 So.2d 691 (Fla. 1973); 23 Fla.Jur., Negligence, § 9.
For the first time, on appeal, the appellant contends that he should have been permitted further amendment. We disagree. The appellant had been permitted one amendment; he did not seek any further amendment in the trial court. Usual and customary procedure requires that if a party is going to contest a trial judge's refusal to permit an amendment he must first apply for such right in the trial court *767 and, then, if reversed, bring the matter to the attention of the appellate court. Margolis v. Klein, 184 So.2d 205 (Fla. 3d DCA 1966); Ely v. Shuman, 233 So.2d 169 (Fla. 3d DCA 1970); Fla.R.Civ.P. 1.190(a). In Margolis v. Klein, supra, the following is found:
* * * * * *
"* * * The defendants urged that the trial court erred in failing to permit leave to amend the counter and cross claim. However, we fail to find any application to the trial court in the record to allow such an amendment.
"It is elementary that before a trial judge will be held in error, he must be presented with an opportunity to rule on the matter before him. Wasserburg v. Coastal Aluminum Products Const. Co., Fla. App. 1964, 167 So.2d 889; Paul v. Kanter, Fla.App. 1963, 155 So.2d 402. This is clearly contemplated by Rule 1.15(a) Florida Rules of Civil Procedure, 30 F.S.A. Therefore, although the counter and cross claim might have been amendable without any application to the trial judge, we are not in a position to hold that error was committed in this regard."
* * * * * *
Therefore, for the reasons above stated, the order under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] In an attempt to state a cause of action against the owner of the truck, under the doctrine of vicarious liability.