389 So.2d 218 (1980)
Benjamin HABELOW and Lillian Habelow, His Wife, Appellants,
v.
TRAVELERS INSURANCE COMPANY, et al., Appellees.
No. 79-739/T4-480.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Rehearings Denied October 28, 1980.
*219 Mitchell J. Frank of Robertson, Williams, Duane, Lewis, Briggs & Ranson, P.A., Orlando, for appellants.
Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
SHARP, Judge.
The appellants, Benjamin Habelow and his wife, Lillian, claim the trial court erred in granting Travelers Insurance Company's motion to dismiss Counts Two, Three and Four of the amended complaint, with prejudice. We have jurisdiction,[1] and we affirm the lower court's order as to Counts Two and Three, and reverse it as to Count Four. The order also declined to dismiss Counts One and Five of the amended complaint. We do not have jurisdiction to review that part of the order.[2]
Count One of the amended complaint alleges Benjamin was an employee of Harris Intertype of Melbourne, Florida. Travelers was the workmen's compensation carrier. Benjamin was injured at work and suffered a back injury, visual problems, and dizziness. When Benjamin submitted medical treatment and diagnostic bills from the Bascom-Palmer Eye Institute in Miami to Travelers, it refused to pay them as well as any future bills. Benjamin telephoned Travelers for an explanation. The complaint alleges the insurance agent, "with malicious intent to inflict mental anguish" to Benjamin said:
We don't have to explain the insurance coverage to you, and we will not. We do not have to pay those bills. We did not authorize you to go to Miami. You always had eye trouble. Travelers will not pay for it now or in the future. You don't need all those doctors. All I'm interested in is getting you off your butt and back to work.
However the treating physician referred Benjamin to the Miami clinic, and he recommended referral to a university clinic to deal with Benjamin's complex medical problems. One year after Travelers received the recommendation from the treating physician, it authorized sending Benjamin to the Mayo Clinic, Duke University, or Oschner *220 Clinic. However for a year Benjamin was totally disabled, and delayed in obtaining medical treatment and care.
Count Two alleges a claim for severe mental and emotional injury to Lillian because of Traveler's treatment of Benjamin. In Count Three Benjamin seeks damages against Travelers because of loss of consortium, due to Lillian's injuries. In Count Four Lillian seeks damages against Travelers because of loss of consortium, due to Benjamin's injuries. In Count Five Benjamin sues for breach of contract.

COUNT TWO
The intentional infliction of emotional distress is a newly evolving tort in Florida's jurisprudence, and its ramifications have not been fully defined. It is allowed only in the most outrageous circumstances. Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980). The Supreme Court quoted Prosser[3] in Slocum v. Food Fair Stores of Florida, 100 So.2d 396 (Fla. 1958):
So far as it is possible to generalize from the cases, the rule which seems to be emerging is that there is liability only for conduct exceeding all bounds which could be tolerated by society, of a nature especially calculated to cause mental damage of a very serious kind.
Slocum held that the insult or abuse must be measured on an "objective" rather than a "subjective" basis, gauged by a person of ordinary sensibilities, in the absence of special knowledge or notice. There are no allegations in Count Two indicating that Lillian was particularly sensitive or susceptible to emotional distress, or that Travelers had any basis to know she was. Steiner and Munach, P.A. v. Williams, 334 So.2d 39 (Fla. 3d DCA 1976), cert. denied 345 So.2d 429 (Fla.).
Lillian has a more attenuated claim than most plaintiffs because the insult and the abusive conduct alleged in the complaint were directed at Benjamin. In all cases we have found in Florida recognizing the tort of intentional infliction of emotional distress, the plaintiff was the recipient of the insult or abuse, or the message was clearly directed at the plaintiff through a third person. See Ford Motor Credit Company v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979). For these reasons, we affirm the dismissal of Count Two for failure to state a cause of action.

COUNT THREE
Benjamin's loss of consortium claim for Lillian is "derivative," and therefore necessarily based on there being a sufficient tort alleged for her in her own right. Faulkner v. All State Insurance Co., 367 So.2d 214 (Fla. 1979); Davis v. Asbell, 328 So.2d 204 (Fla. 1st DCA 1976). Since Count Two does not state a cause of action, neither does Count Three.

COUNT FOUR
Lillian's loss of consortium claim for Benjamin is also derivative and dependent upon Count One stating a cause of action for Benjamin against Travelers. If Count One alleges a sufficient tort against Travelers,[4] then Count Four should not have been dismissed. A wife (as well as a husband) may sue for loss of consortium, where her spouse is injured by a defendant's negligence. Gates v. Foley, 247 So.2d 40 (Fla. 1971). It defies logic to allow this derivative claim for negligent torts and disallow it for intentional torts. Waite v. City of Elmira, 69 Misc.2d 962, 331 N.Y.S.2d 482 (S.Ct. 1972); Commercial Carriers, Inc. v. Small, 277 Ky. 189, 126 S.W.2d 143 (1939); Swartz v. U.S. Steel Corporation, 93 Ala. 439, 304 So.2d 881 (1974). Husbands have been allowed to recover for loss of consortium when their wives are injured by an intentional tortfeasor. See Waller v. First Savings and Trust Company, 103 Fla. 1025, 138 So. 780 (1931). No distinction between *221 rights of action for loss of consortium based on the sex of the plaintiff is permissible.[5]
The trial court ruled that Count One states a cause of action against the defendants, and therefore we reinstate Count Four of the complaint.
AFFIRMED in part; REVERSED in part.
FRANK D. UPCHURCH, Jr., J., and JAMIESON, FRANCES ANN, Associate Judge, concur.
NOTES
[1] Fla.R.App.P. 9.030(b)(1)(A); Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974); Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla. 1955).
[2] Fla.R.App.P. 9.130(a)(3); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975); Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
[3] Prosser, Intentional Infliction of Mental Suffering: A New Tort 37 Mich.L.Rev. 889 (1939).
[4] The sufficiency of Count One is not an appealable order at this stage of the proceedings, and we do not reach that question. Fla.R. App.P. 9.130(a)(3).
[5] Art. 1, § 2, Fla. Const.