408 So.2d 608 (1981)
Opal DAVIS, Appellant,
v.
SUN FIRST NATIONAL BANK OF ORLANDO, a National Association, Appellee.
No. 81-254.
District Court of Appeal of Florida, Fifth District.
December 9, 1981.
Rehearing Denied January 14, 1982.
*609 James M. Magee of Neduchal & Magee, Orlando, for appellant.
Ashby L. Camp of Cooper & Rissman, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Opal Davis, a bank teller who was the victim of a "hold-up," sued the bank robber, charging intentional infliction of emotional distress and assault and battery. She also sued her employer, appellee Sun First National Bank of Orlando, charging negligence in the construction and operation of its bank in failing to provide adequate security. The bank filed a motion to dismiss the negligence count on the ground that: (1) appellant was injured during the scope and course of her employment and thus the action was barred by the provisions of the Florida Workers' Compensation Act; (2) the complaint failed to allege a duty to protect her from the intervening acts of third persons; (3) the acts complained of lacked the requisite physical contact necessary to sustain an action for personal injury under a negligence theory; and (4) the complaint failed to allege ultimate facts showing causation. The motion to dismiss was granted with prejudice. We AFFIRM.
The first question we consider is whether an employee has a common law action for the alleged negligence of an employer causing an injury which was not an "injury arising out of the employment," as defined in Florida Statute 440.02(18), and hence is not compensable under chapter 440, the Florida Workers' Compensation Law.
Section 440.11(1), Florida Statutes (1979), provides for the exclusiveness of liability of an employer as follows:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. (emphasis added)
The term "injury" is defined as personal injury or death by accident arising out of and in the course of employment. § 440.02(6), Fla. Stat. (1979). Thus, to be compensable under the act, the injury must not only arise out of and in the course of employment but must also be "by accident."
Section 440.02(18), Florida Statutes (1979) defines "accident" as follows:
`Accident' means only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment. (emphasis added)
Appellant argues that a mental or nervous injury is specifically excluded as an "injury" under the Workers' Compensation Act, and therefore, there is no prohibition against her suing her employer under a theory of negligent infliction of nervous distress. We do not think it is necessary to consider whether this rather ingenious construction of the statute has merit. So far, Florida has not recognized the cause of action of negligent infliction of mental distress absent "impact." We reject appellant's claim that the act of the robber in handing her the "hold up" note constituted *610 "physical impact." See Steiner and Munach v. Williams, 334 So.2d 39 (Fla.3d DCA 1976) (wherein the court found that there was no physical impact in the receipt of a copy of an unexecuted claim for nonpayment of medical services); Saltmarsh v. Detroit Auto. Inter-Ins. Exchange, 344 So.2d 862 (Fla.3d DCA 1977) (wherein the court found there was no physical injury in the receipt of an unlawful cancellation of an insurance notice).
In the alternative, appellant contends that the trial court erred in dismissing her complaint without leave to amend to establish that her claim was not compensable under the Workers' Compensation Act and hence that she had a common-law right to sue for negligence.
Florida Rule of Civil Procedure 1.190(a) provides that leave of court to amend pleadings shall be freely given when justice so requires. Here, however, the record fails to show that appellant sought leave of court to amend or that she moved for a rehearing requesting leave to amend. Thus, she is precluded from asserting this issue for the first time on appeal. See Johnson v. RCA Corp., 395 So.2d 1262, 1263 (Fla.3d DCA 1981); Hohenberg v. Kirstein, 349 So.2d 765 (Fla.3d DCA 1977).[1]
Even if appellant had moved to amend, the trial court's refusal to allow her to do so would not have been reversible error. If appellant alleged additional facts to show that her mental distress was not compensable under the Act, i.e., that she suffered no physical injury, then due to the "physical impact" rule, appellant would have been precluded from recovering under a common-law theory of negligence. On the other hand, if appellant alleged a physical impact or injury so as to recover under a negligence theory, then her claim would be barred by the exclusiveness of liability of the Workers' Compensation Act as mental anguish resulting from a physical injury is compensable. As appellant is precluded from recovery under either set of facts, the deficiencies in the complaint could not have been cured by amendment.
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Appellant cites Quinlan v. Mott, 375 So.2d 589 (Fla. 5th DCA 1979), in support of her contention that she should have been granted leave to amend even in the absence of a request for leave to amend. Quinlan relied on Petterson v. Concrete Const., Inc., 202 So.2d 191 (Fla. 4th DCA 1967), quashed on other grounds, 216 So.2d 221 (Fla. 1968), wherein the court held that although the trial judge correctly dismissed the complaint, the deficiencies could have been cured without any departure from the facts already alleged and the trial judge should have granted the plaintiff's leave to amend. Thus, while not specifically stating so, Quinlan appears to involve a denial of the plaintiffs' motion for leave to amend.