PER CURIAM.
Affirmed. We specifically reject appellants’ claim that the legislature, by enacting section 458.329, Florida Statutes (1981), barring sexual misconduct by physicians, intended an exception to the statute barring claims for alienation of affection. We affirm the trial court’s order dismissing appellants’ complaint and do so for substantially the same reasons set out in the trial judge’s written order:
Accepting the viability of such a cause of action does not, however, give solace to the Plaintiffs in this case for three separate and distinct reasons, any one of which standing alone is sufficient to preclude the Complaint in this case from alleging a valid cause of action.
In the first place, the conduct alleged to be extreme and outrageous was directed toward and against the person of *522 LYNN HARRINGTON only. In Habelow v. Travelers Insurance Company, 389 So.2d 218 (Fla. 5th DCA, 1980), the court stated, at Page 220:
“In all cases we have found in Florida recognizing the tort of intentional infliction of emotional distress, the Plaintiff was the recipient of insult or abuse, or the message was clearly directed at the Plaintiff through a third person. See Ford Motor Credit Company v. Sheehan, 373 So.2d 956 (Fla. 1st DCA, 1979).”
But LYNN HARRINGTON who could have complained of the alleged outrageous conduct has not done so. Had she done so, Plaintiff PATRICK HARRINGTON at most would have had a spousal derivative claim. See Food Fair, Inc. v. Anderson, [382 So.2d 150 (Fla. 5th DCA 1980)].
In the second place, the conduct of the Defendant alleged to be outrageous, and the extreme emotional distress which Plaintiffs alleged to have incurred as a result of that conduct, are the direct result of the deterioration and ultimate dissolution of the marriage. Thus, the Plaintiff’s Complaint, because of the relationship between LYNN HARRINGTON and the Plaintiff, PÁTRICK HARRINGTON, as spouse (and between LYNN HARRINGTON and the minor Plaintiffs as parent), essentially seeks to allege, under the guise of “intentional infliction of emotional distress”, a cause of action which has been expressly barred by Section 771.01, Florida Statutes (1981):
771.01 Certain tort actions abolished — The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are hereby abolished.
Extreme emotional distress which results from dissolution of marriage or break up of the family relationship is necessarily barred by the cited statute.
Finally, the alleged conduct of the Defendant, although qualifying as sexual misconduct prohibited by Section 458.329, Florida Statutes (1981), does not, as a matter of law, arise to the level as described by the court in Food Fair, Inc. v. Anderson, supra, at Page 153:
“Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, “outrageous!”
Defendant’s alleged conduct is not condoned and, indeed, justifies condemnation; but given current community standards, sexual intercourse between two consenting adults cannot be regarded as atrocious and utterly intolerable in a civilized community.
ANSTEAD, C.J., and HERSEY and DELL, JJ., concur.