466 So.2d 427 (1985)
Sheryl CRENSHAW, Appellant,
v.
SARASOTA County Public Hospital Board a/K/a Sarasota Memorial Hospital and Willie Williams, Appellees.
No. 81-2020.
District Court of Appeal of Florida, Second District.
April 3, 1985.
*428 Harold R. Busch; and James R. Dirmann of Dirmann & Scott, Sarasota, for appellant.
Lewis F. Collins, Jr. of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
CAMPBELL, Judge.
Appellant, Sheryl Crenshaw, seeks review of the final order dismissing her amended complaint against appellees, Sarasota County Hospital Board, also known as Sarasota Memorial Hospital, and Willie Williams.
In September 1977, appellant delivered, at thirty-two weeks, a stillborn child. The child's body was wrapped in a green linen sheet and taken to the hospital morgue. Shortly after the body arrived at the morgue, it was placed in a laundry bin and taken to a commercial laundry. Several days later, the child's body was discovered in a commercial washing machine mutilated from the action of the machine. Appellant apparently never saw the child.
Appellant filed suit to recover damages for the purely mental and emotional distress she suffered as a result of the negligence of appellees. Appellees argued that there is no cause of action for emotional distress absent physical contact or impact to appellant.
At the suggestion of the parties, this case was stayed pending the outcome of Champion v. Gray, No. 62,830 (Fla. Mar. 7, 1985) [10 FLW 164]. In Champion, the court addressed the certified question: "Should Florida abrogate the `Impact Rule' and allow recovery for the physical consequences resulting from mental or emotional stress caused by the defendant's negligence in the absence of physical impact upon the plaintiff?"
To a limited extent, the court answered the question in the affirmative. However, the outcome of Champion provides no relief to appellant.
In Champion, the complaint alleged that a drunk driver ran off the road striking and killing Karen Champion. Her mother, Joyce Champion heard the accident and immediately went to the scene. Upon seeing her daughter's body, Joyce Champion collapsed and died.
The Florida Supreme Court found these allegations stated a cause of action. The court stated:
[T]he price of death or significant discernible physical injury, when caused by psychological trauma resulting from a negligent injury imposed upon a close family member within the sensory perception of the physically injured person, is too great a harm to require direct physical contact before a cause of action exists. We emphasize the requirement that a causally connected clearly discernible physical impairment must accompany or occur within a short time of the psychic injury.
Further, the court noted that the psychically injured party should be "directly *429 involved in the event causing the original injury. If such a person sees it, hears it, or arrives on the scene while the injured party is still there that person is likely involved." Champion, 10 FLW 160, 166.
In Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla. 1985), the court stated that Champion does not abolish the requirement that a demonstrable physical injury must flow from the accident before a cause of action exists. "We hold there is no cause of action for psychological trauma alone when resulting from simple negligence."
Here, appellant did not allege that she saw the mutilated body or that she was involved in the event, except for the birth of the stillborn child, in any way. Nor did she allege that she suffered a discernible physical injury as a result of her psychological trauma. Thus, appellant did not allege a cause of action under the requirements of Champion.
Appellant also sought recovery on the basis that appellees' negligent breach of their contract caused appellantmental and emotional distress. We do not believe there may be recovery for mental distress caused by a breach of contract in the absence of an independent willful tort. Gellert v. Eastern Airlines, Inc., 370 So.2d 802 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 766 (Fla. 1980); cf. Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950).
For the reasons stated above, we affirm the dismissal of appellant's amended complaint.
RYDER, C.J., and SCHOONOVER, J., concur.