476 So.2d 1271 (1985)
Gerald DOYLE and Marie Doyle, Petitioners,
v.
The PILLSBURY COMPANY, Green Giant Company, and Publix Super Markets, Inc., Respondents.
No. 65249.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied November 13, 1985.
Robert M. Kahn and Jeffrey D. Mickelson of Kahn & Gutter, Ft. Lauderdale, for petitioners.
Edmund T. Henry, III and Dorian S. Denburg of Shutts & Bowen, Miami, for respondents.
McDONALD, Justice.
We have for review Doyle v. Pillsbury Co., 447 So.2d 1033 (Fla. 4th DCA 1984), which certified the following question to be of great public importance:
SHOULD FLORIDA ABROGATE THE "IMPACT RULE" AND ALLOW RECOVERY FOR PHYSICAL INJURIES CAUSED BY A DEFENDANT'S NEGLIGENCE IN THE ABSENCE OF PHYSICAL IMPACT UPON THE PLAINTIFF?
Id. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The facts of this case do not warrant a full answer to the certified question.
After her husband opened a can of peas, Marie Doyle looked into the can and observed a large insect floating on the surface of the contents of the can. She jumped back in alarm, fell over a chair, and suffered physical injuries. Mr. and Mrs. Doyle filed an action to recover damages from Pillsbury, Green Giant, and Publix on negligence, strict liability, and breach of warranty grounds. The trial court granted Pillsbury's summary judgment motion (not at issue in this case) and subsequently granted summary judgment in favor of Green Giant and Publix, after finding that the impact rule barred the Doyles' cause of action. The district court affirmed the summary judgment on the authority of Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974).
Claims for injuries caused by foreign objects in food or drink led to the adoption of liability predicated on an implied warranty of fitness without regard to privity where a consumer suffers injury from unwholesome *1272 food. This Court first applied the breach of implied warranty theory to food manufacturers or packers, Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313 (1944), to restaurants, Cliett v. Lauderdale Biltmore Corp., 39 So.2d 476 (Fla. 1949), and to retailers of food products, Sencer v. Carl's Markets, Inc., 45 So.2d 671 (Fla. 1950). Even with these liberalized rules to promote recovery for physical and psychic injury, the foreign object cases all involve some ingestion of a portion of the food or drink product. See, e.g., Food Fair Stores, Inc. v. Macurda, 93 So.2d 860 (Fla. 1957) (plaintiffs could recover for injuries as a result of eating spinach found to contain worms); Way v. Tampa Coca Cola Bottling Co., 260 So.2d 288 (Fla. 2d DCA 1972) (plaintiff could recover for injuries suffered after drinking portion of soft drink before discovering what resembled a rat inside the bottle). To this extent Florida courts have required an "impact."
This ingestion requirement is grounded upon foreseeability rather than the impact rule.[*] The public has become accustomed to believing in and relying on the fact that packaged foods are fit for consumption. A producer or retailer of food should foresee that a person may well become physically or mentally ill after consuming part of a food product and then discovering a deleterious foreign object, such as an insect or rodent, in presumably wholesome food or drink. The manufacturer or retailer must expect to bear the costs of the resulting injuries.
The same foreseeability is lacking where a person simply observes the foreign object and suffers injury after the observation. The mere observance of unwholesome food cannot be equated to consuming a portion of the same. We should not impose virtually unlimited liability in such cases. When a claim is based on an inert foreign object in a food product, we continue to require ingestion of a portion of the food before liability arises. Because Mrs. Doyle never ingested any portion of the canned peas, the trial court properly granted summary judgment against the Doyles.
We find no merit in any of the other issues raised by the Doyles. We approve that portion of Doyle affirming the summary judgment and quash that portion applying the impact rule to the circumstances of this case.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN and EHRLICH, JJ., concur.
ADKINS and SHAW, JJ., dissent.
NOTES
[*] The impact rule itself is a convenient means of determining foreseeability.