Dario **MARCANO DIAZ** and Iris Delia Ferrer Sanchez in their personal capacity and as representatives of the conjugal partnership constituted by them and in representation of their minor children Daliris Marcano Ferrer, Dorisbeth Marcano Ferrer and Daire Iris Marcano Ferrer; Carmen Sanchez; Waldemar Diaz Acevedo and Nereida Navarro Rivera in their personal capacity and as representatives of the conjugal partnership constituted by them and in representation of their minor children Wallynett Diaz Navarro, Jane E. Diaz Navarro and Heidi Diaz Navarro; Jose Luis Morales Cruz and Priscila Marrero Diaz in their personal capacity and as representatives of the conjugal partnership constituted by them and in representation of their minor children Sidda Belkis Morales Marcano, Ruth Priscila Morales Marcano and Astrid Morales Marcano, Plaintiffs,

v.

**EASTERN AIRLINES, INC.,** Defendant.

Civ. No. 87–1329(JP).

United States District Court,
D. Puerto Rico.

June 22, 1988.

Ortiz Toro & Ortiz Brunet, Hato Rey, Puerto Rico, for plaintiffs.

Francisco Ponsa Flores, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This case comes before the Court claiming both diversity and federal question jurisdiction. Plaintiffs, citizens of Puerto Rico, are suing Eastern Airlines, a Delaware Corporation having its principal place of business in Florida. Sixteen plaintiffs claim an aggregate of $2,640,000.00 plus unspecified punitive damages. The case arises not out of plaintiffs' travels, but travails, with Eastern Airlines on July 14–15, 1987. For the reasons set forth in this Opinion and Order, the Court DISMISSES this case for failure to state a claim upon which relief may be granted.

### I.

We take all of the well pled facts of the complaint as true. Plaintiffs arrived at Miami International Airport on July 14, hoping to return to Puerto Rico. They all held tickets for the Eastern flight 967, but were not allowed to board because the flight was overbooked. They were given tickets good for free passage on Eastern at a later date but no solace. Eastern 967 left without them. Plaintiffs claim that "Most of Eastern Airlines' employees had treated them cruelly and harshly. All of defendant's employee's left the [boarding] area where [plaintiffs] were without solving plaintiffs' problem." As a first cause of action, plaintiffs claim:

> Defendant's above-described negligent and tortuous [sic] action created tremendous mental anguish and inconveniences to plaintiffs. Each plaintiffs' [sic] damages are reasonably estimated at fifteen thousand ($15,000.00) dollars.

Late that evening, plaintiffs decided to leave the boarding area. Plaintiffs were stopped by "customs agents or personnel that plaintiffs believed to be customs agents" and told they could not leave the

boarding area. After some discussion, some of the plaintiffs were allowed to leave the boarding area temporarily. All of the plaintiffs spent an uncomfortable night in the terminal. As to a second cause of action, the complaint reads:

> Plaintiffs then had to pass the night in the boarding area, trying to sleep on the floor or on chairs. Plaintiffs slept very little, where restless and uncomfortable, fearful of this illegal imprisonment caused exclusively by Eastern Airlines employees' negligence in leaving the boarding area without making arrangements for plaintiffs to leave the area or warning them to leave before they did.

Plaintiffs were finally put on board an Eastern Airlines flight to St. Thomas, United States Virgin Islands, the next day. From St. Thomas, plaintiffs took a smaller plane to San Juan. For a third cause of action, plaintiffs claim

> Defendant negligently failed to provide quick and adequate service for plaintiffs, treated them harshly, cruelly and discourteously, causing them great mental anguish and distress. By booking them in a small plane for their flight to Puerto Rico from Saint Thomas, defendants caused plaintiffs to fear for their lives. Each plaintiffs' damages are fairly estimated as no less than fifty thousand ($50,000.00) dollars.

Plaintiffs also generally recount "cruel and harsh" treatment at the hands of Eastern employees, characterizing them as unhelpful, discourteous, and rude.

As a fourth cause of action, plaintiffs claim:

> That defendant's aforementioned actions of violating its contract with plaintiffs were discriminatory and violative of plaintiffs' constitutionally protected rights. Plaintiffs were discriminated solely for the fact of their national origin, i.e., being puerto-rricans. These lotheful [sic] acts by defendant deprived plaintiffs of their property and most importantly, their liberty, in violation of 42 U.S.C. 1982. [sic] Defendant's actions were so despicable, malevolent and such

a disregard for plaintiffs' rights, that punitive damages are proper.

## II. *Civil Rights Claim*

■ Plaintiffs' complaint, and all of their subsequent pleadings, claim a cause of action based on 42 U.S.C. § 1982. Section 1982 reads, in its entirety:

> *Property rights of citizens*
>
> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. The allegations of this complaint do not touch upon real or personal property in any manner. Plaintiffs could not, then, prove any set of facts entitling them to relief based on this statute. This cause of action is DISMISSED for failure to state a claim upon which relief could be granted.

## III. *Negligent Infliction of "Mental Anguish" Causes of Action #1 and #3*

■ Plaintiffs claim that Eastern's actions in denying them boarding on their originally scheduled flight and later placing them on a small plane from St. Thomas to San Juan caused the plaintiffs anxiety, mental anguish, and distress. The Federal Court, sitting in diversity jurisdiction, applies the substantive law of the place where it sits, including choice of law principles. *Klaxon Co. v. Stentor Electric Manufacturing*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In examining tort claims, Puerto Rico follows lex loci delecti. *Santiago v. Group Brasil, Inc.*, 830 F.2d 413, 415 (1st Cir.1987), *citing Valle v. American International Insurance Co.*, 108 P.R.R. 735, 738 (1979). All actions taken in this case that arguably affected plaintiffs occurred in the State of Florida. As to plaintiffs' first cause of action, the "injuries" themselves for mental anguish in the overnight stay in the Miami International Airport occurred in Florida. As for the St. Thomas–San Juan flight, plaintiffs' third cause of action, the Court considers that the action taken by Eastern, resulting in plaintiffs being booked on that flight,

took place in Florida, and that the substantive law of Florida should be applied because of Puerto Rico's lex loci delicti doctrine.

The Court is cognizant that, especially in cases involving airlines, the Supreme Court of Puerto Rico appears to have moved away from lex loci delicti and towards a "dominant contacts" approach to choice of law. *Widow of Fornaris v. American Surety Co.*, 93 P.R.R. 28 (1966). The *Widow of Fornaris* case should, however, be considered an exception. The late Mr. Fornaris was killed in an airplane crash while en route from St. Thomas to San Juan. The choice of law problem in that case arose precisely because the site of the crash was unknown. Lex loci delicti was, for that case, an inadequate doctrine.

■ Nevertheless, even under a dominant contacts analysis, Florida law governs these counts. There are three possible jurisdictions, Florida, where plaintiffs were booked on the flight and, according to the complaint, were treated "harshly, cruelly and discourteously;" St. Thomas, from whence the small plane took off; and Puerto Rico. We should first eliminate St. Thomas as a possible choice for dominant contacts. The only action that occurred there was plaintiffs deplaning from the flight from Florida and leaving. Puerto Rico's interests in this case appear two-fold but are actually singular. Plaintiffs are all Puerto Rican. Puerto Rico has an undeniable interest in the protection of its citizenry. The other arguable Puerto Rican contact is that the flight was *to* Puerto Rico. The interest of Puerto Rico, however, is chimerical. Plaintiffs claim that they were frightened during the flight from St. Thomas. That fear, caused by an allegedly rough ride, ceased as the airplane touched down.[1] The last choice is Florida. Florida is where defendants took actions that plaintiffs claim distressed them so, from discourteous treatment to rearranging flights. Florida is also the home of the defendant, balancing Puerto Rico's interest in protecting plaintiffs. The Court, following both a lex loci delicti and "dominant contacts" analysis, and balancing all relevant factors, finds that we must apply the substantive law of Florida to this case.

### A. Cause of Action #1

■ To repeat the complaint:
Defendant's above described negligent and tortuous [sic] action created tremendous mental anguish and inconveniences to plaintiffs.

The Supreme Court of Florida has spoken on the availability of a cause of action for negligent infliction of emotional distress. In *Gilliam v. Stewart*, 291 So.2d 593 (Fla. 1974), Gilliam suffered a heart attack after an automobile crashed through her home. The Florida Supreme Court held that absent any physical impact, Gilliam had no cause of action. This "impact doctrine" presents a firm bar to recovery for the aggravations of modern life absent any physical contact. *See e.g., Doyle v. Pillsbury Co.*, 476 So.2d 1271 (Fla.1985) (no recovery due to lack of impact where plaintiff, after observing large insect in can of peas she had opened, fell backwards over a chair in fright; no impact because plaintiff never ingested contents of can); *Brown v. Cadillac Motor Car Division*, 468 So.2d 903 (Fla.1985) (no cause of action for driver who experienced no physical impact or injury from accident where defective automobile lurched forward and killed driver's mother); *Sguros v. Biscayne Recreation Development Co.*, 528 So.2d 376 (Fla.Dist. Ct.App.3d 1987) (no cause of action where, absent physical impact, intruders on boat brought about decedent's heart attack); *Crenshaw v. Sarasota County Public Hospital Board*, 466 So.2d 427 (Fla.Dist.Ct. App.2d 1985) (no cause of action for mother whose stillborn baby was inadvertently placed in hospital's laundry and mutilated due to absence of physical impact upon mother); *Davis v. Sun First National Bank*, 408 So.2d 608 (Fla.Dist.Ct.App. 5th 1981) (act of robber in handing bank teller holdup note did not constitute physical impact and could not satisfy impact require-

1. Although some of the plaintiffs claim continuing fear of flying herein Puerto Rico, allaying these phobias through a large cash award is actually part of the first interest of Puerto Rico, protecting the citizenry. This factor does not alter the outcome of this analysis.

ment in action for negligent infliction of emotional distress), *review denied,* 413 So. 2d 875 (Fla.1982).

Plaintiffs have alleged no physical impact and therefore plaintiffs' first cause of action is DISMISSED.

### B. *Cause of Action #3*

In view of the averments of the complaint and the controlling law of the State of Florida, plaintiffs' third cause of action is DISMISSED for the same reasons as plaintiffs' first cause of action.

### IV. *False Imprisonment Claim*

■ Again, insofar as the facts concerning plaintiffs' overnight stay in the boarding area all took place in the State of Florida, under either a lex loci delicti or a "dominant contacts" analysis, Florida law governs. To the civilly liable for false imprisonment under Florida law, one must have personally and actively participated directly or by indirect procurement of the unlawful restraint of a person against their will. *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699 (1944). In *Pokorny v. First Federal Savings & Loan Association,* 382 So. 2d 678 (Fla.1980), two deaf-mutes were arrested by the Federal Bureau of Investigation (FBI) on suspicion of attempted bank robber. Employees of the savings and loan had reported an attempted robbery and identified plaintiffs. The Florida Supreme Court held that private persons would not be liable in tort for false imprisonment where they neither physically detained nor instigated an arrest. That the savings and loan made a good-faith mistake in reporting the incident did not give rise to liability because the employees did not request that plaintiffs be detained. There appears, then, no cause of action in the State of Florida for negligently preventing an unlawful detention. Plaintiff's second cause of action is therefore DISMISSED.

There being no issues left for trial, this case is DISMISSED.

IT IS SO ORDERED.