556 So.2d 1140 (1989)
M.M. and M.M., Appellants,
v.
M.P.S. and B.S., Appellees.
No. 89-265.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Rehearing Denied March 9, 1990.
Stinson, Lyons, Gerlin & Bustamante and P. Campbell Ford, Miami, for appellants.
Albert G. Caruana and Lawrence S. Gordon, Miami, for appellees.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Appellants challenge an order dismissing their complaint with prejudice. Appellants filed an action against appellees to recover damages for intentional infliction of emotional distress and conspiracy. The complaint alleged that appellants suffered severe emotional distress when M.P.S. told them that he had sexually abused their daughter and that his wife had supplied her with illegal drugs from the time she was eight years old, throughout her childhood, until she was 23 years old.[1] Appellants sought recovery solely for their own distress;[2] but the trial court dismissed their complaint for failure to state a cause of action.
In this appeal, appellants contend that their presence during the commission of the underlying offenses against their daughter was not a prerequisite to their stating a cause of action because they were harmed by the revelation of the acts; they assert that it was the disclosure by M.P.S. of what had been done to their daughter that caused their emotional distress. Thus, they contend, their complaint was improperly dismissed. Concluding that Florida law provides no cause of action under these circumstances, we affirm.
Section 46(1) of the Restatement (Second) of Torts (1965), adopted by the Florida Supreme Court in Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985), imposes liability for the tort of intentional infliction of emotional distress upon one who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another. Additionally, "the actor is subject to liability if he intentionally or recklessly causes severe emotional distress to a member of such person's immediate family who is present at the time." Restatement (Second) of Torts *1141 § 46(2)(a) (1965) (emphasis supplied). In Habelow v. Travelers Ins. Co., 389 So.2d 218 (Fla. 5th DCA 1980), the wife's claim for intentional infliction of emotional distress was dismissed because the abuse was directed at her husband; the court stated that "[i]n all cases we have found in Florida recognizing the tort of intentional infliction of emotional distress, the plaintiff was the recipient of the insult or abuse." Habelow, 389 So.2d at 220.
The complaint before us does not meet the criteria set forth in Habelow. Appellants were not present when the alleged mistreatment of their daughter took place and may not claim emotional distress for her injurious or offensive treatment. See King v. Eastern Airlines, Inc., 536 So.2d 1023 (Fla. 3d DCA 1987), review granted, No. 73,395 (Fla. Mar. 9, 1989) (recovery available to airline passenger present at time of incident); Crenshaw v. Sarasota County Pub. Hosp. Bd., 466 So.2d 427 (Fla. 2d DCA 1985) (mother of stillborn child may not recover for mental or emotional distress when she did not see child's body and was not involved in events leading to body's mutilation); Harrington v. Pages, 440 So.2d 521 (Fla. 4th DCA 1983) (father and children may not recover when alleged extreme and outrageous conduct was directed only at spouse/mother).
Appellants allege, however, that the disclosure of the treatment of their daughter caused their emotional distress. After reviewing the law, we are unable to conclude that learning the awful truth from M.P.S. afforded appellants grounds for recovery for their own distress.
In Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979), a collection company employed by the defendant attempted to locate the plaintiff by calling his mother's home, pretending to be a hospital employee, and stating that the plaintiff's children had been involved in a serious automobile accident. The mother supplied the plaintiff's phone number and address. When the mother notified the plaintiff, he spent seven hours calling hospitals before he learned that the information was false. In affirming the verdict assessing damages for the plaintiff's claim for intentional infliction of emotional distress, the court analogized the facts to illustration 1 of section 46(1) Restatement (Second) of Torts. In that illustration, a person falsely, as a practical joke, communicates to another that her husband is in the hospital. In the restatement, as in Sheehan, it is the falsity of the statement that inflicts the distress. In the case before us, M.P.S. did not convey false information with the intent to harm appellants. He merely provided information without intending to cause separate harm. Under these circumstances no cause of action based on intent or recklessness appears.
If courts were to allow relatives of tort victims compensation for the distress they suffer when they receive bad news about family members when there is no attendant intentional or reckless conduct directed toward them, an avalanche of litigation would ensue. Compensation is available for actual harm to the victim; only in carefully prescribed circumstances is compensation permitted for relatives who suffer emotional distress. It is not lack of compassion, but necessity, that restricts relief to the immediate victim. For these reasons, we affirm the order dismissing the complaint with prejudice.
Appellants' remaining points lack merit.
Affirmed.
NOTES
[1] Their daughter filed a separate action.
[2] Appellees maintain that section 95.11(3), Florida Statutes (1986), bars the action. Insofar as the complaint is premised on the April 1987 conversation between M.P.S. and M.M., it is well within the period of limitation.