# FAGAN v INTERAMERICAN RENTAL AGENCY, INC.

## Case No. 89-197 AP

Eleventh Judicial Circuit, Dade County

March 16, 1990

### APPEARANCES OF COUNSEL

**Roger B. Howard, Esquire,** for appellant.

**Jose I. Valdes, Esquire,** Ferdie & Gouz, for appellee.

Before FULLER, ESQUIROZ, ROBINSON, JJ.

### OPINION OF THE COURT

STEVEN D. ROBINSON, J.

This case is concerned with whether the trial judge erred in dismissing and/or not permitting the filing of the defendant's compulsory counterclaim and third party complaint and denying the defendant's motion to transfer this case to the Circuit Court. Under the particular facts of this case, we think he did.

The defendant, a minor, appeared at the pre-trial conference along with his mother acting as prochein ami. At that time the defendant had waived his right to file a counterclaim and third party complaint pursuant to SCR 7.100(d) which allows a counterclaim exceeding the jurisdiction of the court and SCR 7.100(e) which allows any third party complaint to be filed up until the time of the pre-trial conference or within the time allowed by the court. At no time was leave of court sought by the attorney who filed the counterclaim and third party complaint two and one-half months after the conference. The trial judge appropriately granted the motion to strike the defensive pleadings because leave of court was not obtained in advance to belatedly file the pleadings, and no re-hearing was sought after the court's granting the motion to strike which would also have resulted in the court's allowing a belated filing. *Hohenberg v Kirstein,* 349 So.2d 765 (Fla. 3d DCA 1977); *Davis v Sun First National Bank of Orlando,* 408 So.2d 608 (Fla. 5th DCA 1982). Based on its decision the motion to transfer was denied as moot.

The holdings of these cases would normally have required an affirmance except for the fact that the defendant was a minor and that upon granting the motion to strike, the defendant's counsel, on his own, filed a "Notice of Withdrawal as Counsel." This was done apparently in disregard of Fla.R.Jud.Admin. 2.060(i) which allows a withdrawal only by leave of court after notice to the attorney's client and opposing counsel. At this point the young defendant was left again with only his mother representing his interests. She, apparently, untutored in the requirements of summary procedure, did not file the appropriate motion to amend which the appellee in its answer brief does not contest would have been appropriate. *See Romish v Albo,* 291 So.2d 24 (Fla. 3d DCA 1974), which held in a case involving a minor defendant, that it was an abuse of discretion not to permit a later counterclaim when a defendant moves to amend.

*Romish* states as a second reason for its result that "Petitioner is a minor, and neither his attorney nor his father, as prochein ami in this case, could waive his right to file a compulsory counterclaim, absent an order of court." 291 So.2d 24 at 25-26. As the child was now appearing without his attorney who had, as already stated, inappropriately withdrawn, no actual waiver had occurred and certainly no waiver sanctioned by the court. Now knowing that the minor had a claim against the plaintiff, it was up to the trial judge in this case to have advised the minor that he had a right to ask under *Davis* for a re-hearing or to belatedly move to amend his pleadings. SCR 7.140(e)(1)

90

and (3) require the court to assist any party not represented by an attorney in an effort to secure substantial justice.[1]

The trial court's decision is reversed and this cause is remanded to the County Court to grant leave to the defendant to reassert his counterclaim and third party claim and to file the appropriate motion to transfer to the Circuit Court.

FULLER and ESQUIROZ, JJ., concur.

---

[1] Substantial justice cannot be gained under this rule without its application being extended to procedures preceding the actual trial. It has been the practice in the County Court to assist unrepresented parties in all summary procedures. Under this case's facts, the advice to the minor defendant would have had to be given at the trial, which was the first time the judge would have seen the defendant after his lawyer withdrew.