661 So.2d 1307 (1995)
Susan JORDAN, Appellant,
v.
EQUITY PROPERTIES AND DEVELOPMENT COMPANY, Appellee.
No. 95-1056.
District Court of Appeal of Florida, Third District.
November 1, 1995.
Boone & Davis and Michael S. Davis, Ft. Lauderdale, for appellant.
Wolpe, Leibowitz & Brotman and George L. Fernandez, Miami, for appellee.
Before BARKDULL, NESBITT and GERSTEN, JJ.
PER CURIAM.
In this action for negligent infliction of emotional distress, the plaintiff, Susan Jordan, appeals a final order granting the defendant's motion for summary judgment. We affirm.
*1308 Ms. Jordan was the manager of a retail store located in The Mall at 163rd Street (Mall). In May of 1993 Ms. Jordan was walking to a bank located in the Mall to make the store's daily deposit. On the way there, an assailant ran towards her with a gun pointed at her. With the assailant within inches of her, Ms. Jordan, in what she characterized as a reflexive motion, hit the assailant in the chest and face with the deposit bag. Both the assailant's gun and the deposit bag fell. Simultaneously, the assailant and Ms. Jordan stumbled backward. After a moment, the assailant grabbed the deposit bag and ran off with it.
In July of 1994 Ms. Jordan filed this negligence action against Equity Properties and Development Company (Equity), the owner of the Mall. Equity filed a motion for summary judgment and argued that the plaintiff's failure to satisfy the "impact rule" barred her claim for negligent infliction of emotional distress. The trial judge granted Equity's motion for summary judgment and this appeal followed.
Recently, our Supreme Court reaffirmed the impact rule and stated it as follows: "In essence, the impact rule requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." R.J. v. Humana of Florida, Inc., 652 So.2d 360, 362 (Fla. 1995) (internal quotations and citations omitted) (emphasis added). It is uncontroverted that Ms. Jordan did not suffer any physical injuries as a result of her encounter with her assailant. Therefore, it was entirely proper for the lower court to grant Equity's motion for summary judgment.
Accordingly, the order under review is affirmed.