691 So.2d 1177 (1997)
RUTTGER HOTEL CORPORATION, d/b/a Days Inn Oceanfront and Days Inn of America, Inc., Appellants,
v.
Lisa WAGNER and Owen Asbell, Appellees.
No. 96-1122.
District Court of Appeal of Florida, Third District.
April 23, 1997.
*1178 Conroy, Simberg & Ganon, and Hinda Klein, Hollywood, for appellants.
Kluger, Peretz, Kaplan & Berlin, and Andrew P. Gold, Miami, for appellee Lisa Wagner.
Panter & Panter, and Mitchell J. Panter, Miami, for appellee Owen W. Asbell.
Before GERSTEN, GREEN and SHEVIN, JJ.
GERSTEN, Judge.
Appellants, Ruttger Hotel Corporation, d/b/a Days Inn Oceanfront, and Days Inn of America, Inc. (collectively "hotel"), appeal an adverse jury verdict contending that the impact rule bars recovery. We agree and reverse.
The appellees, Lisa Wagner and her father Owen Asbell, were staying at a Days Inn in Fort Lauderdale with Wagner's three children. Around 7:00 a.m., Asbell left his room and was about to enter his daughter's room when a robber put a gun to his back and told him to enter his daughter's room. Once in Wagner's room, the robber demanded their money, and pushed Wagner and Asbell into the bathroom. The children remained asleep in bed during the robbery.
Wagner and Asbell sued the hotel alleging negligent infliction of emotional distress. At trial, Wagner testified that she was withdrawn, depressed and frightened to leave her house after the robbery. Two psychologists testified that they saw Wagner on an "as needed" basis and diagnosed her as having post-traumatic stress syndrome. Wagner testified that she did not have any external injuries from the robbery.
Asbell testified the robbery made him feel helpless and the stress from it aggravated his diabetes. No medical or psychological testimony was presented on his behalf, but he did testify that he suffered from nightmares and "day mares" everyday.
The hotel's motions for directed verdict alleged that the impact rule applied, because of the lack of physical injury. The hotel also alleged that mere touching was not enough to satisfy the rule, nor was psychic trauma alone sufficient to overcome the bar to suit. Plaintiffs responded that as long as the victims were touched, the impact rule would not bar recovery in tort. The jury found for the appellees and awarded damages.
The impact doctrine precludes recovery for injuries caused by a defendant's negligence in the absence of physical impact to the claimant. Gilliam v. Stewart, 291 So.2d 593 (Fla.1974). In applying the impact rule, the Supreme Court of Florida recently reaffirmed this doctrine and noted that "the impact rule requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla.1995)(internal quotations and citations omitted).
Here, the appellees incorrectly contend that the mere fact the robber touched them when he "pushed" them into the bathroom is sufficient impact to maintain their negligent infliction of emotional distress claim. The evidence presented at trial conclusively proved that the appellees suffered no physical injuries from the touching.
In R.J. v. Humana of Florida, Inc., the Supreme Court of Florida determined that no impact resulted from an alleged misdiagnosis of AIDS, even though the physician had touched and drawn blood from the plaintiff. 652 So.2d at 360. Similarly, this Court found no impact in Jordan v. Equity Properties and Dev. Co., 661 So.2d 1307 (Fla. 3d DCA 1995), where the victim and her assailant fell to the ground after the victim hit the assailant with a bank deposit bag she was carrying. See also Davis v. Sun First Nat'l Bank of Orlando, 408 So.2d 608 (Fla. 5th DCA 1981)(act of robber handing bank teller a holdup note did not constitute physical impact and teller could not maintain action for negligent infliction of emotional distress), rev. denied, 413 So.2d 875.
No recovery can exist under the impact rule, because the appellees failed to show the requisite physical impact that resulted in the physical or psychological injury. See, e.g., Brown v. Cadillac Motor Car Div., 468 So.2d *1179 903 (Fla.1985) (no cause of action for driver who experienced no physical impact or injury from accident where defective automobile lurched forward and killed driver's mother); Doyle v. Pillsbury Co., 476 So.2d 1271 (Fla.1985)(holding impact in the form of ingestion of food must occur before one can recover for emotional damages as a result of finding an insect in food).
In the alternative, the appellees argue that the physical manifestations of their psychological injuries allow them to avoid the application of the impact rule. Here, the appellees rely on Florida's bystander line of cases under the impact rule which use a modified foreseeability approach, resulting in the liberalization of the impact rule in limited circumstances. See Zell v. Meek, 665 So.2d 1048 (Fla.1995); Champion v. Gray, 478 So.2d 17 (Fla.1985). This reliance on the impact rule's bystander analysis is misplaced, because the appellees are only seeking recovery for their own, direct injuries. Further, they could not allege that these claims fall under the bystander line of cases, because they did not witness each other suffer any physical injury. See Zell, 665 So.2d at 1048.
Additionally, Asbell contends that the exacerbation of his diabetes constitutes the physical injury necessary to take his claim outside the impact rule. Once again, this argument is foreclosed, because he did not suffer a physical injury. While the stress from the robbery may have aggravated his diabetes, this psychological stress did not arise from an impact. See R.J. v. Humana of Florida., 652 So.2d at 364 (finding that hypertension, pain and suffering, and mental anguish are insufficient to meet the physical injury required under the impact rule).
The second issue raised on appeal, concerning the apportionment of fault for a non-party assailant, is rendered moot by our disposition. As to the final issue raised on appeal, the trial court did not abuse its discretion in allowing the demonstrative aid during closing argument. See Brown v. State, 550 So.2d 527 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990); Ratner v. Arrington, 111 So.2d 82 (Fla. 3d DCA 1959).
Although this Court in the past has called the impact rule into question because of its harsh results in some cases, it still remains the law throughout Florida. See American Federation of Gov't Employees v. DeGrio, 454 So.2d 632 (Fla. 3d DCA 1984)(Jorgenson, J., concurring in part, dissenting in part); Rivera v. Randle Eastern Ambulance Service, Inc., 446 So.2d 200, 202 n. 1 (Fla. 3d DCA 1984); National Car Rental System, Inc. v. Bostic, 423 So.2d 915 (Pearson, J., concurring specially), rev. denied, 436 So.2d 97 (Fla.1983). Accordingly, we reverse and remand the judgment below with instructions to enter a directed verdict in favor of the hotel, based upon the impact rule's foreclosure of the appellees' claims of purely psychological distress. See R.J. v. Humana of Florida, Inc., 652 So.2d at 360; Jordan v. Equity Properties and Dev. Co., 661 So.2d at 1307.
Reversed and remanded with instructions.
GERSTEN and GREEN, JJ., concur.
SHEVIN, Judge, specially concurring.
I concur in the majority opinion because the impact rule in Florida requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." R.J. v. Humana of Fla., Inc., 652 So.2d 360, 362 (Fla.1995). However, I agree with judges of this court who have questioned the continued application of this harsh rule. See American Fed'n of Gov't Employees v. DeGrio, 454 So.2d 632 (Fla. 3d DCA 1984)(Jorgenson, J., concurring in part, dissenting in part); Rivera v. Randle E. Ambulance Serv., Inc., 446 So.2d 200, n. 1 (Fla. 3d DCA 1984); National Car Rental Sys., Inc. v. Bostic, 423 So.2d 915 (Fla. 3d DCA 1982) (Pearson, J., concurring specially), review denied, 436 So.2d 97, 436 So.2d 99 (Fla.1983).