842 So.2d 975 (2003)
Kathleen RIVERS, Appellant,
v.
GRIMSLEY OIL COMPANY, INC., d/b/a Stop `N Shop Food Stores, Appellee.
No. 2D02-2560.
District Court of Appeal of Florida, Second District.
April 11, 2003.
Mark C. Menser of Viles Law Firm, P.A., Fort Myers, for Appellant.
Patrick Carver of Carver & Fisher, and J. Rodney Runyons of Coward, Runyons & Cooley, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Kathleen Rivers appeals a final summary judgment entered in her action against her employer, Grimsley Oil Company, Inc. In the action, Ms. Rivers claimed she received psychological injuries as a result of a robbery, which she alleges Grimsley Oil could have prevented if it had not been negligent in providing security at her workplace. We affirm because Florida does not recognize a cause of action for negligent infliction of emotional distress under these circumstances, at least in the absence of a physical impact or injury.
Ms. Rivers was working alone in a gas station/convenience store owned by Grimsley Oil in December 1998 when the store was robbed by a person armed with either a pistol or something that looked like a pistol. The store had been robbed two weeks earlier. Grimsley Oil had never installed a silent alarm system or other security measures at this store, even though such measures allegedly were common in its other stores.
The robber did not shoot or otherwise physically harm Ms. Rivers. However, the *976 robbery emotionally traumatized Ms. Rivers and allegedly caused her serious psychological injury. She was treated by a physician who prescribed Xanax, Paxil, and Vistaril for post-traumatic stress disorder. The medications caused certain side effects including nausea, cramps, and confusion.
Ms. Rivers brought suit against her employer alleging that she had sustained a psychological injury with physical manifestations as a result of Grimsley Oil's negligence. She claims that the robbery would not have occurred but for the negligence of Grimsley Oil in failing to install a silent alarm or other security measures.
Initially, Grimsley Oil moved to dismiss this action on the theory that the claim was barred by workers' compensation immunity. That motion was denied because the legislature, in its definition of "an accident" for purposes of workers' compensation, has not authorized a claim for "a mental or nervous injury due to stress, fright or excitement only." See § 440.02(1), Fla. Stat. (Supp.1998). Thereafter, Grimsley Oil moved for summary judgment on the theory that this claim for negligent infliction of emotional distress was not recognized as an exception to the impact rule. The trial court agreed and entered a summary final judgment.
For reasons both historical and practical, the duties imposed under the law of negligence typically require the protecting party to exercise reasonable care to safeguard only the physical well-being of the protected party and the physical security of the protected party's property. See Monroe v. Sarasota County Sch. Bd., 746 So.2d 530 (Fla. 2d DCA 1999) (noting that bodily injury or property damage is an essential element of a cause of action in negligence); Sandarac Ass'n v. W.R. Frizzell Architects, Inc., 609 So.2d 1349, 1352 (Fla. 2d DCA 1992) (same). To implement this "physical" restriction on the reach of negligence law, courts have developed certain doctrines designed to confine tort law within its traditional role. The most prominent of these doctrines are the economic loss rule and the impact rule. The economic loss rule seeks to limit recovery in negligence for injuries that are solely economic in nature and do not involve physical injury or damage to specific property. See, e.g., Monroe v. Sarasota County Sch. Bd., 746 So.2d 530. The impact doctrine usually requires that a plaintiff sustain some sort of physical impact in conjunction with the defendant's negligence in order to maintain a claim.
The impact doctrine, although controversial, remains the law in Florida. See Gracey v. Eaker, 837 So.2d 348 (Fla.2002). In exceptional circumstances, the courts have expanded the law of negligence to create special claims for economic or emotional injuries that occur in the absence of physical impact. See e.g., Moransais v. Heathman, 744 So.2d 973, 983-84 (Fla. 1999) (creating malpractice claim for economic loss); Champion v. Gray, 478 So.2d 17 (Fla.1985) (creating narrow claim for emotional distress that results in physical injury). As a result of these cases, significant exceptions to the impact doctrine have developed.
The impact doctrine has no application to intentional torts because the duties created by these torts have never been restricted to the protection of physical person and property. In this case, Ms. Rivers did not allege that Grimsley Oil committed any intentional tort, such as an intentional infliction of emotional distress. See Metro. Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985) (adopting § 46, Restatement (Second) of Torts (1965), defining claim for intentional infliction of emotional distress). By contrast, if the identity of the robber were known, Ms. Rivers could sue the robber for assault and recover both compensatory and punitive damages.
*977 Within the realm of simple negligence, the exceptions to the impact doctrine are limited and specific. For example, if one has a psychological injury that results in significant discernable physical injury after witnessing an accident in which a friend or family member is physically harmed, a claim may be pursued. See Champion, 478 So.2d 17. If a professional who has a fiduciary relationship with the plaintiff violates a duty of confidentiality, the impact doctrine may not apply. See Gracey, 837 So.2d 348. If a doctor misdiagnoses a plaintiff's condition and this causes the plaintiff to undergo invasive medical treatment or suffer the physical effects of "prescriptions of caustic medication," a claim can be pursued. See R.J. v. Humana of Fla., Inc., 652 So.2d 360, 364 (Fla.1995).
Ms. Rivers' claim is not based solely on her status as an employee. She argues that any person in the store at the time of the robbery who suffered similar injuries should be entitled to recover from Grimsley Oil based upon its alleged negligence in providing security.[1] The precise issue presented is whether an invitee at a convenience store (1) who is traumatized by a robber but sustains no physical impact or physical injuries in the robbery, (2) who is diagnosed thereafter as suffering from post-traumatic stress disorder, and (3) who suffers some physical side effects from properly prescribed medication, may allege a cause of action in simple negligence against the store owner. In a somewhat similar case, the Third District has held that an invitee who is robbed at a motel has no claim for negligent infliction of emotional distress. See Ruttger Hotel Corp. v. Wagner, 691 So.2d 1177 (Fla. 3d DCA 1997).
Ms. Rivers argues that the exception to the impact doctrine created in R.J., 652 So.2d 360, applies to her injury because the medications she is required to take for her psychological injury have certain side effects. We conclude that the supreme court in R.J. did not intend to open the courts to all claims involving side effects from medications properly prescribed for correctly diagnosed psychological conditions. We can craft no limited and specific exception to the impact doctrine that would recognize a narrow class of claims like Ms. Rivers'. Given the Florida Supreme Court's continued recognition of the viability of the impact rule and the rule's importance in maintaining the traditional scope of negligence law, we are not convinced that this is an expansion of negligence law that this court should establish.
Affirmed.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] It is interesting to note, however, that if Ms. Rivers' claim did involve a physical impact, it would almost certainly be a claim under the workers' compensation system, and workers' compensation immunity would then bar this lawsuit. Thus, if Ms. Rivers' negligence claim were permitted to proceed, an employer would face greater liability for an emotional injury to its employee than it would for a physical injury.