PER CURIAM.
We affirm the final summary judgment entered in favor of appellee in this action for negligent infliction of emotional distress. See Rivers v. Grimsley Oil Co., 842 So.2d 975, 975-76 (Fla. 2d DCA 2003) (affirming summary judgment in favor of defendant and finding that plaintiff could not maintain action for negligent infliction of emotional distress against employer for a robbery that occurred at convenience store work place where robber did not physically harm plaintiff); Ruttger Hotel Corp. v. Wagner, 691 So.2d 1177, 1178 (Fla. 3d DCA 1997) (rejecting argument of plaintiffs that “the mere fact that the robber touched them when he ‘pushed’ them into the bathroom [in their hotel room] is sufficient impact to maintain their negligent infliction of emotional distress claim” against the hotel); Jordan v. Equity Props. & Dev. Co., 661 So.2d 1307, 1308 (Fla. 3d DCA 1995) (affirming order granting summary judgment in favor of mall owner and rejecting argument of plaintiff that impact rule did not bar recovery of damages for negligent infliction of emotional distress from encounter with gunman in mall, during which appellant hit gunman in chest and face with a deposit bag and stumbled backward). Cf. Rowell v. Holt, 850 So.2d 474 (Fla.2003) (affirming vitality of impact rule in Florida, but declining to apply rule to bar recovery because of special professional duty created by attorney-client relationship between plaintiff and defendant and fact of extended pretrial confinement based upon defendant’s professional negligence).
AFFIRMED.
KAHN, WEBSTER and DAVIS, JJ., concur.