JOHNSON, Chief Judge.
This is an appeal from an order granting the plaintiff-appellee’s motion for a new trial.
The order granting the new trial limited the issues to be retried primarily with respect to the issue of fraud.
It appears that the appellee sold a national franchise agreement to the appellants and took in payment therefor the promissory note of the appellants for $35,000.00. This note was later discounted to a Bank, but this fact is not a material factor in this case.
The business for which the national franchise was sold to appellants, apparently was a failure, at least where tried in Florida. The appellants contend that the sale or purchase of the franchise and the giving of the note was induced by fraud, in false representations made to the appellants by appellee as to the amount of business that had been done in Duval County, Florida.
The jury returned a verdict in favor of the defendants-appellants herein; hence the motion for new trial, which was granted and forms the basis for this appeal.
The court gave an instruction to the jury on the question of fraud which was to the effect that proof of the fraudulent misrepresentation alone could defeat the plaintiff’s claim on the note. This was an erroneous statement of the law, and the trial court so recognized the error and correctly stated the law in one of its grounds for granting the new trial. With this we agree as being sufficient reason for a new trial. However, the trial court also found, and based its order granting a new trial on the further ground that the verdict was contrary to law and the manifest weight of the evidence.
We have reviewed the “cold” record of the testimony and pleadings, as well as instructions to the jury, and are of the opinion and so hold that this case falls squarely within the rule of law laid down by the Second District Court of Appeal and affirmed by the Supreme Court of Florida, in the case of Cloud v. Fallís[1] wherein it was shown that the trial court recognized the province of the jury on factual questions, but pointed out that the court had the power, and it was in its province, to set aside a verdict which does not reach a substantially just conclusion, or if it is apparent to the trial court, from his first hand observation of the jury and witnesses, that the jury was influenced by considerations erroneously applied.
In the case sub judice, the erroneous charge to the jury on the question of fraud was such a consideration justifying a new trial.
Cloud v. Fallís, supra, further held that the trial court had a broad discretion in granting or not granting a new trial and being in a better position than the appellate court, which only has a cold record to review, to determine the correctness of the jury’s verdict, and the burden is upon the appellant to show error in granting a new trial on the ground that the, verdict is against the manifest weight of the evidence. In this case we do not think the appellants have met this burden and have not shown such abuse of discretion on the part of the trial court to warrant this court upsetting the order granting a new trial as to the issues limited therein. We do hold, however, that in view of the wording of the trial court’s order granting a new trial, the appellants may be allowed to amend their claim or counterclaim, instante, so as to permit sufficient latitude to the jury to fully determine the cause.
Affirmed, with directions.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Cloud v. Fallís, 107 So.2d 264 (Fla.App.2d, 1958) and 110 So.2d 669 (Fla.1959).