PER CURIAM.
This is an appeal by Alfred Montenegro, plaintiff in the trial court, from an order granting a new trial to the defendants following a jury verdict awarding damages to Montenegro for personal injuries sustained in an automobile accident.
In the order granting a new trial the trial court stated as the main reasons therefor that the court was shocked by the excessive and unjust verdict; the liability and the damages are contrary to the greater weight of the evidence, contrary to the manifest weight of evidence and contrary to law; the jury either did not understand or chose to ignore the court’s instructions; counsel for the plaintiff began a course of conduct designed to make it appear to the jury that he did not have a fair chance in that the defendant is a judge, and on several occasions, when objections to his errors were sustained, he would turn to the jury with a look of despair or injured righteousness; the court failed to read the charge as to prejudice; plaintiff’s treating physician did not testify and the court-appointed physician could not establish causal relation between the injury and the accident.
Montenegro contends that it was an abuse of discretion for the court to order a new trial since the jury verdict was supported by a preponderance of the evidence, and since the amount of the verdict was not so grossly excessive as to shock the conscience of the court.
When a motion for new trial is made, it is directed to the sound, broad discretion of the trial judge, and his ruling thereon will not be disturbed in the absence of a clear showing of abuse of discretion. The burden to make error clearly appear is on the appellant. Cloud v. Fallis, Fla.1959, 110 So.2d 669.
Based on the reasons given by the trial judge for granting a new trial, we find that no abuse of discretion is clearly shown and, therefore, the order on appeal is affirmed.
Affirmed.