349 So.2d 734 (1977)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Georgiana CARUCCI, Appellee.
Nos. 76-1597, 76-1803, 76-1804 and 76-1840.
District Court of Appeal of Florida, Third District.
August 23, 1977.
Rehearing Denied September 21, 1977.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellant.
*735 McCormick, Bedford & Backmeyer, Miami, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
PER CURIAM.
The only point presented on these consolidated appeals is whether the trial court abused its discretion in granting the plaintiff Georgiana Carucci's motion for a new trial upon the following ground:
"... that the Court committed harmful error prejudicial to the Plaintiff by permitting Defendant to present testimony over Plaintiff's objections to the prior driving record of Defendant, DADE COUNTY's employee bus driver, J.P. Williams, who was driving the Defendant's bus in which Plaintiff was a passenger at the time of the accident."
We hold that there has been no showing of abuse of the trial court's discretion. See Montenegro v. Rainwater, 314 So.2d 191 (Fla.3d DCA 1975); and cf. Pepin v. Retail Discount Association, 226 So.2d 145 (Fla.1st DCA 145).
Ordinarily, the evidence of a defendant's past driving record should not be made a part of the jury's considerations. There is support for this proposition and for the actions of the trial judge below in the case law of this and other jurisdictions. Cf. Powell v. Horne, 149 Fla. 240, 5 So.2d 451 (1942); and Short v. Allen, 254 So.2d 34 (Fla.3d DCA 1971). See also 8 Am.Jur.2d Automobiles and Highway Traffic § 940 (1963). Finally, it would appear from the record that the past driving record of the bus driver received undue attention in this case.
Affirmed.