352 So.2d 1216 (1977)
David J. CLOONEY, Appellant,
v.
Douglas Wayne GEETING, V.E. Anderson Mfg. Co., Liberty Mutual Insurance Co., Appellees.
Amaro SAUMELL and Dianne Saumell, Appellants,
v.
Douglas Wayne GEETING, V.E. Anderson Mfg. Co., Liberty Mutual Insurance Co., Appellees.
Nos. 76-1583 to 76-1585, 76-1596 to 76-1598.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Rehearing Denied January 6, 1978.
*1217 J.B. Spence of Spence, Payne & Masington, Miami, and Robert Orseck of Podhurst, Orseck & Parks, Miami, for appellant Clooney.
Charles H. McQuillan of McQuillan & Beltz, Bradenton, for appellants Amaro Saumell and Dianne Saumell.
Daniel A. Carlton of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellees.
SCHEB, Judge.
These consolidated appeals are from a final judgment adjudicating claims arising out of a motor vehicle accident. We hold *1218 the trial court erred in refusing to instruct the jury on concurrent causation. We order a new trial.
A recitation of the basic facts elicited at the trial is essential to the understanding of the issues before us. Thus, we go back to the morning of January 24, 1975, when Dianne Saumell was driving her car first in a line of vehicles heading west on State Road 64, a two-lane highway, about three miles east of Bradenton. Her brother, David Clooney, was riding with her.
Henry Bragg, another driver, was also heading west into Bradenton. Bragg came upon the line of cars and decided to pass. Approaching from the opposite direction was a truck driven by Douglas Geeting and owned by his employer, Anderson Manufacturing Co. Just as Bragg began to pass the westbound cars, an eastbound car started to pass the Anderson Mfg. truck. Realizing their peril, the drivers of the two passing cars completed their passing maneuvers, but quickly cut back into their own lanes narrowly avoiding a head-on collision. As the Bragg car re-entered the right lane, the Saumell car went off the pavement and proceeded down the shoulder of the road. Mrs. Saumell attempted to avoid a row of mailboxes, lost control, and swerved back onto the road. Her car then crossed the centerline and veered into the path of the oncoming Anderson Mfg. truck. The Saumell car was totally destroyed in the accident and Clooney sustained severe injuries to his spinal cord. As a result of his injuries Clooney was rendered a quadraplegic.
Clooney filed suit, naming as defendants: Anderson Manufacturing Co.; Anderson's insurer, Liberty Mutual; Anderson's employee/driver, Geeting; Bragg, the driver of the car that forced the Saumell car off the road; and, Bragg's insurer, Hanover. The driver of the car that passed the Anderson Mfg. truck fled the scene without identifying himself and hence was not named a defendant. Anderson Mfg. filed a third-party complaint against the Saumells and their insurer, seeking to recover damages to its truck. The Saumells then counterclaimed against Anderson Mfg., Geeting, and Liberty Mutual, seeking damages for Mrs. Saumell's personal injuries and for destruction of their car.
At the conclusion of the jury trial, counsel for appellants requested Standard Jury Instruction 5.1(b) on concurrent causation, which states:
In order to be regarded as a legal cause of injury or damage, negligence need not be the only cause. Negligence may be a legal cause of injury or damage even though it operates in combination with the act of another or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such injury or damage.
The trial court refused to give the requested instruction, although Florida Standard Jury Instructions 5.1(a) on legal causation in general and 5.1(c) on intervening causation were given.[1] The jury awarded Clooney $500,000 against Bragg, but found Anderson Mfg. and Geeting not liable. The Saumells were found liable for the damages to the Anderson Mfg. truck, but the jury found Anderson Mfg. and Geeting not liable on the Saumells' counterclaim.
Appellants' first contention on appeal is that the court's refusal to instruct the jury on concurrent causation prejudiced their action against Anderson Mfg. and Geeting. In Ruiz v. Cold Storage & Insulation Contractors, *1219 306 So.2d 153 (Fla.2d DCA 1975), we said that it is error for a trial judge, upon request, not to instruct the jury on concurrent causation when two criteria are met: first, the facts as viewed most favorably to the plaintiff support the need for such an instruction; and second, the failure to give the instruction may mislead the jury. See also Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975).
As to the first criterion: Viewing the evidence most favorably to appellants, as we must on the posture of the case now before us, we find it sufficiently shows concurrent negligence of Mrs. Saumell, Geeting, and Bragg to warrant the requested instruction.
At the trial there was considerable evidence indicating that Mrs. Saumell and Bragg were negligent, and that the accident could have been avoided had they used better judgment. The jury could well have found that Mrs. Saumell had time to slow down or even gain control of her car, or that she was negligent in veering back onto the highway.
There was also evidence from which the jury could have concluded that Geeting was negligent in his operation of the Anderson Mfg. truck. When the unidentified vehicle passed the Anderson Mfg. truck, Geeting was proceeding at approximately 45 m.p.h. At the point of impact the truck was still going almost this speed, though Geeting had seen the near collision between the two passing cars and had seen the Saumell car leave the road and proceed toward him in an erratic manner. Clooney's expert witness testified that Geeting had five seconds in which he could have slowed down or even stopped his truck before the accident. Nevertheless, Geeting apparently did not apply his brakes until immediately before impact with the Saumell car, in which Clooney was riding.
As to the second criterion: The trial court's failure to give the concurrent causation instruction may very well have misled the jury. At trial a vast amount of testimony and documentary evidence was presented. From the evidence and the instructions the jury could well have concluded that Mrs. Saumell's negligence and Bragg's negligence outweighed the negligence of Geeting and thereby relieved Anderson Mfg. and Geeting of liability. This, of course, is not a proper conception of the law, as would have been demonstrated to the jury had the requested instruction on concurrent causation been given. We therefore conclude it is incumbent upon us to award a new trial on all issues between the appellants and appellees.[2]
Appellant Clooney also argues the trial court erred in striking Counts II through V and his claim for punitive damages from his complaint. Since it is necessary to remand for a new trial, we address this issue also. Counts II and III of the complaint alleged that Anderson Mfg. was negligent in hiring and continuing to employ Geeting in light of his incompetence and past driving record. Count IV charged that Anderson was negligent in entrusting its truck to Geeting. Finally, Count V alleged that Anderson's behavior showed a wilful and wanton disregard for the rights of Clooney.
We do not think the trial court erred in striking Clooney's claim for punitive damages. Clooney alleged that Anderson Mfg. knew that Geeting was neither physically nor mentally able to properly drive the truck, and that its safety manager had pointed this out prior to the accident. We find these allegations insufficient to show the necessary malice or the wanton, wilful, or outrageous conduct required to support a claim for punitive damages. As we said in Carter v. Lake Wales Hospital Assoc., 213 So.2d 898 (Fla.2d DCA 1968), and repeated recently in Florida Power Corp. v. Scudder, 350 So.2d 106 (Fla.2d DCA 1977), gross negligence is not enough to give rise to punitive damages  there must be a wilful and wanton disregard for the rights of others. We do not think Clooney's allegations allege ultimate facts which rise to this level.
There being an insufficient pleading as a predicate for punitive damages, it follows *1220 that the trial court did not err in striking Clooney's Count II through V alleging negligent hiring, employment, and entrustment by Anderson Mfg.
Negligent hiring and employment have been found to be legitimate bases of recovery in this state. See, e.g., Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954); McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970).
While no cases in this state have explicitly held the theory of negligent entrustment can be utilized in an automobile situation, we find cases where it was apparently relied upon as the basis of recovery. See, e.g., Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Wright Fruit Co. v. Morrison, 309 So.2d 54 (Fla.2d DCA 1975). Courts of other jurisdictions have addressed this problem and found the theory of negligent entrustment to be a viable one in automobile accident cases. See, e.g., Armenta v. Churchill, 42 Cal.2d 448, 267 P.2d 303 (1954). We see no reason why this theory is not available to claimants injured in automobile accidents in this state.
Justice requires, however, that a caveat be imposed on the use of any of the theories we have mentioned. Where these theories impose no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury. The reason for this is a very practical one: Under these theories the past driving record of the driver will of necessity be before the jury, so the culpability of the entrusting party can be determined. As was said in Dade County v. Carucci, 349 So.2d 734, 735 (Fla.3d DCA 1977), "Ordinarily, the evidence of a defendant's past driving record should not be made a part of the jury's considerations."
Here Counts II through V impose no additional liability on Anderson Mfg. Anderson has not denied ownership or permitted use of the truck driven by Geeting; therefore, it is liable for Geeting's negligence under the vicarious liability doctrine. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920). Since the stricken counts impose no additional liability but merely allege a concurrent theory of recovery, the desirability of allowing these theories is outweighed by the prejudice to the defendants. See Armenta v. Churchill, supra.
We recognize that factual situations could arise where one of the referred-to theories would impose additional liability. If the allegations in this case had been sufficient to allow the claim for punitive damages to go before the jury, this would be such a case. Another example might be where an owner or authorized custodian of a motor vehicle who knows that the vehicle has defective brakes allows one who is not aware of this dangerous condition to use it, and because of the bad brakes an accident occurs. If the driver were found not to be negligent, the owner could not be held vicariously liable. So the means of imposing liability on the owner would be through his own negligence of lending the car with bad brakes, i.e., negligent entrustment. See generally Wright Fruit Co. v. Morrison, supra.
Upon remand of this case for a new trial we realize that Clooney may be able to amend his complaint to allege sufficient ultimate facts to form the basis of a claim for punitive damages. If this occurs, additional theories of recovery may be pleaded; however, we repeat our cautionary note. No theory which permits the past driving record of Geeting should be presented to the jury unless there is a proper claim for punitive damages.[3]
Our disposition of this case makes it unnecessary to discuss any of the other points urged by appellants.
Reversed and remanded for a new trial.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] The following instruction modeled after Fla. Stand. Jury Inst. 5.1(a) was given:

Negligence is the legal cause of injury if it directly and in natural and continuous sequence contributes substantially to the producing of such injuries so that it can reasonably be said that but for the negligence, the injury would not have occurred.
The following instruction modeled on Fla. Stand. Jury Inst. 5.1(c) was also given:
Negligence may also be a legal cause of injury or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurred. If such other cause was itself reasonably foreseeable and the negligence contributed substantially to producing such injury or damage or the resulting injury or damage was reasonably foreseeable consequences of the negligence and the negligence contributes substantially to producing it.
[2] Bragg and his insurer Hanover will not be involved in the new trial as they have been dismissed as parties to these appeals by order of this court.
[3] We recognize the practical problem faced by a defendant against whom punitive damages are properly alleged but who feels he will be unfairly prejudiced by evidence of a prior driving record of someone involved in the case. In cases of this type summary judgment practice or motions in limine could be utilized. See 23 Fla.L.Rev. 531 (1975) for a recent exposition of the role of motions in limine.