379 So.2d 1287 (1979)
John PETRIK and Claudine Petrik, Husband and Wife, and Automobile Club of Southern California, a Foreign Corporation, Appellants,
v.
NEW HAMPSHIRE INSURANCE COMPANY, a Foreign Corporation, et al., Appellee.
No. KK-35.
District Court of Appeal of Florida, First District.
April 26, 1979.
On Rehearing May 31, 1979.
*1288 Robert C. Gobelman and Jack W. Shaw, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb; John R. Saalfield and Gerald W. Weedon of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellants.
Carl A. Felton, Jr. of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
ERVIN, Acting Chief Judge.
Appellants John and Claudine Petrik were passengers in their son David's automobile, driven by David, when they collided with a truck owned by appellee Superior Dairies and driven by appellee Irving Charles, Superior's employee. David's car was insured by cross-appellant Automobile Club of Southern California, a California *1289 corporation. John and Claudine Petrik, who were visiting their son in Duval County when the accident occurred, and who are residents of California, paid the premiums on the policy which was issued to both of them. The policy excluded coverage for "bodily injury to the named insured or a relative."
The Petriks sued Superior Dairies, Superior's insurer, New Hampshire Insurance Company, and Irving Charles. Counts I and II named all three defendants and sought compensatory damages for their personal injuries caused by Charles' negligent operation of Superior's truck. Count III was directed only at Superior Dairies, its insurer and Richard Williams, Superior Dairies' employee who hired Charles. Count III sought compensatory and punitive damages for Superior's alleged negligence in hiring Charles as a truck driver with actual and constructive knowledge of his bad driving record.
The appellees filed a third party complaint against David Petrik and his insurer, cross-appellant Automobile Club of Southern California, Inc.[1] Cross-appellant Automobile Club denied coverage to David Petrik based on the family exclusion clause.
In this appeal, appellants John and Claudine Petrik argue that the trial court erred in granting a summary judgment against them on count III of their complaint. Cross-appellant Automobile Club of Southern California contests the trial court's granting the cross-appellees' motion for summary judgment on the issue of coverage.
The Petriks argue that the trial court erred in granting summary judgment against them in count III of their complaint because (1) Florida law recognizes a cause of action for punitive and compensatory damages against an employer for willful and wanton disregard of others' rights in hiring an employee; (2) issues of fact exist which bear on the propriety of their claim for punitive damages; and (3) it was error to hold that punitive damages could not be awarded against the employer unless the allegedly negligent employee was also sued for punitive damages.
The appellants' evidence and allegations, that Superior Dairies had actual or constructive knowledge of Charles' history of traffic tickets and accidents, did not amount to a "reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of law ...," on the part of Superior Dairies. Winn and Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222-23 (1936). Accord, Florida Power Corp. v. Scudder, 350 So.2d 106 (Fla.2d DCA 1977). The claim for compensatory damages against Superior and its employee Williams, based on negligent hiring, was also properly dismissed, since those negligence theories impose no liability on Superior Dairies different from that arising out of counts I and II of the complaint which alleged Superior's responsibility for Charles' driving under the doctrine of respondeat superior. Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977). The Clooney court explained that allowing a plaintiff to sue the employer under those additional negligence theories would be unduly prejudicial to the defendant employer, since the employee-driver's past driving record would be admissible to show negligent hiring or employment, but not to show the driver's negligence which the employer's liability is based on under the theory of respondeat superior. Clooney, supra at 1220; citing Dade County v. Carucci, 349 So.2d 734, 735 (Fla.3d DCA 1977). The trial court did not err in granting summary judgment against count III of the appellants' complaint.
On cross-appeal, Automobile Club of Southern California argues that the trial court erroneously granted summary judgment against it on the issue of coverage. First, Automobile Club argues, California *1290 law, which upholds family exclusion clauses such as the one in the Petrik's policy, should have been applied in construing the insurance contract. We disagree. The State of Florida had significant contacts with the automobile liability policy which justified an interpretation of it under Florida law. The car was garaged in Florida, as it had been for 46 weeks in the prior year; the owner and the operator of the car resided in Florida; the insurer's files showed that it knew that the risk was principally in Florida; finally, the accident occurred in Florida. See Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974) and Johnson v. Auto-Owners Insurance Company, 289 So.2d 748 (Fla. 1st DCA 1974). Distinguish Jack Pickard Dodge, Inc. v. Yarbrough et al., 352 So.2d 130 (Fla. 1st DCA 1977).
As to the applicability of the family exclusion clause in Florida, we recently held in Florida Farm Bureau v. GEICO, 371 So.2d 166 (Fla. 1st DCA 1979), that such clauses did not bar recovery of a third party contribution claim against a joint tortfeasor who was the husband of the injured plaintiff and his insurer. The wife-plaintiff sued the defendant for personal injuries received in an automobile accident in which she was a passenger in the car driven by her husband. The defendant filed a third party complaint against the husband and his insurer, seeking contribution. The insurer denied coverage based on a family exclusion clause, but the trial judge held the exclusion inapplicable. We found that the public policy in protecting an insurer from collusive law suits which supported such clauses was not served within the context of contribution claims against a joint tortfeasor, and held that the policy behind the Uniform Contribution Among Joint Tortfeasors Act, § 768.31, Fla. Stat. (1977), apportioning joint tortfeasors' responsibility for payment of claims of innocent injured parties, mandated that such clauses not apply to contribution claims such as this. Compare Shor v. Paoli, 353 So.2d 825 (Fla. 1977). Distinguish Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla. 1977). In Florida Farm Bureau v. GEICO, supra, we certified the question of whether a family exclusion clause in an automobile liability policy would control over § 768.31, where the tortfeasor against whom contribution is sought is the husband of the injured plaintiff, to the Florida Supreme Court as being a question of great public interest. In this case we certify also the following question to the Florida Supreme Court as being one of great public interest:
DOES A FAMILY EXCLUSION CLAUSE IN AN AUTOMOBILE INSURANCE POLICY CONTROL OVER THE UNIFORM CONTRIBUTION AMONG JOINT TORTFEASORS ACT TO PREVENT ONE TORTFEASOR FROM SEEKING CONTRIBUTION FROM ANOTHER TORTFEASOR?
The summary judgments are affirmed.
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.

ON PETITION FOR REHEARING
ERVIN, Acting Chief Judge.
The Petriks contend that this court erred in affirming the summary judgment as to Count III of the complaint. We conclude that there was no genuine issue of material fact which would permit the submission of punitive damages to the jury and therefore affirm that portion of the summary judgment. There was no evidence or allegations that Superior's actual or constructive knowledge of its driver's history of traffic tickets and accidents amounted to a "reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence or utter disregard of law... ." Winn and Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222-23 (1936). See also Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977).
We agree, however, with appellants that their claim for compensatory damages as to Count III against Superior and Williams was improperly dismissed. The statement in our original opinion that "those negligence theories impose no liability *1291 on Superior Dairies different from that arising out of Counts I and II of the complaint ..." was incorrect. Clooney v. Geeting, supra, held that where separately stated theories in counts of a complaint allege no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury since the desirability of allowing such separate theories in the absence of additional liability was outweighed by potential prejudice to the defendants. Here Count III alleged not only a different theory than that stated in Counts I and II but was also one which, if proved, imposed additional liability upon a defendant not named in either counts one and two. Negligent hiring and employment are legitimate bases for recovery. Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954); McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970). Moreover both the agent and the principal are subject to suit for their own respective negligence. Greenberg v. Post, 155 Fla. 135, 19 So.2d 714 (1944).
The stated reason in Clooney v. Geeting, supra, for disallowing evidence of the prior driving record of the employee was the prejudice which inured to an employer in an action seeking respondeat superior damages. That reason is dissipated here, since evidence must necessarily be presented to the jury on the issue of Williams' liability in allegedly negligently hiring Charles. Superior Dairies is, therefore, subject to suit in Count III for compensatory damages to the same degree as in Counts I and II.
The petition for rehearing is granted in part and our opinion filed April 26, 1979 is vacated insofar as it conflicts with this order granting the petition.
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] In New Hampshire Insurance Company v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977), we reversed the trial court's dismissal of the initial third party complaint and held that a defendant may sue a joint tortfeasor for contribution in a third party action. In the second third party complaint, Petrik's insurer was named also.