799 So.2d 272 (2001)
Thomas MUZZIO and Teresa Muzzio, Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellee.
No. 2D00-3760.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*273 Christopher P. Jayson, Tampa, for Appellants.
Raymond T. Elligett, Jr., Tampa, for Appellee.
SALCINES, Judge.
Thomas and Teresa Muzzio appeal a declaratory judgment, which determined that Auto-Owners Insurance Company had no duty to defend or indemnify its insured, Keene Brothers, Inc., under a comprehensive general liability insurance policy for an automobile accident in which Mr. Muzzio sustained injuries. We affirm.
The amended complaint filed by the Muzzios, in their separate personal injury action, is contained within our record. According to that complaint, Mr. Muzzio sustained injuries in September 1997 when his vehicle was negligently struck by a dump truck traveling at a high rate of speed that crossed the center lane and entered the opposite lane of traffic. Allegedly, Keene Brothers owned the dump truck, and an employee of Keene Brothers, Christopher Knorr, was driving the truck within the scope and course of his employment at the time of the accident. The complaint alleged *274 that the truck and driver had been borrowed at the time by another trucking company.
Although the insurance policy is not in our record, there is no dispute that Keene Brothers had a policy of automobile liability insurance that covered this claim. That insurance company paid its policy limits. The Muzzios' amended complaint, however, alleged that Keene Brothers was negligent in the hiring and retention of its driver. The Muzzios maintained that this separate legal theory invoked Auto-Owners' general liability coverage, in addition to the automobile insurance coverage.
As a result, Auto-Owners filed a complaint for declaratory relief, naming the Muzzios, Keene Brothers, and the other trucking company as defendants. Auto-Owners maintained that it provided no coverage for this accident because its general liability policy contained a standard exclusion for claims arising out of the ownership, maintenance, or use of a motor vehicle. The exclusion states that the policy provides no coverage for:
"[b]odily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.
From our record, it appears that the personal injury action was settled before the trial court entered final judgment in this action. Perhaps for that reason, neither Keene Brothers nor the other trucking company has shown any interest in this lawsuit. The Muzzios, however, have defended the declaratory judgment action vigorously.
The trial court entered a final declaratory judgment determining that the exclusion in the commercial general liability policy excluded coverage for this claim despite the Muzzios' efforts to allege both automobile negligence and negligent hiring. The Muzzios alone have appealed that ruling.
This court has been hesitant to require coverage from both an automobile liability insurance policy and a general liability insurance policy for this type of accident. See Cesarini v. Am. Druggist Ins. Co., 463 So.2d 451 (Fla. 2d DCA 1985). Florida law has generally recognized that duplicate coverage for an automobile accident injury covered by an automobile policy is not ordinarily available simply by alleging the separate tort of negligent hiring, supervision, and/or retention. Fid. & Cas. Co. v. Lodwick, 126 F.Supp.2d 1375, 1378 (S.D.Fla.2000).
An employer, like Keene Brothers, has long been vicariously liable in Florida for the negligence of its employees and for the negligence of permissive users of its motor vehicles. See Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 636 (1920). A theory of negligent hiring may occasionally provide the plaintiff with a method to seek additional punitive damages. See Tallahassee Furniture Co. v. Harrison, 583 So.2d 744, 750-55, 763-64 (Fla. 1st DCA 1991); Alexander v. Alterman Transp. Lines, Inc., 387 So.2d 422, 425-26 (Fla. 1st DCA 1980). Such a theory, however, is totally unnecessary to establish liability in negligence against Keene Brothers as the owner of the dump truck. In a typical negligence case, a negligent hiring claim provides no additional remedy nor any additional damages that have not already been provided for by the automobile negligence theory. The negligent hiring theory provides no remedy to the plaintiffs unless the negligently hired employee is also negligent in the operation of the motor vehicle. As explained in Lodwick, a cause of action for negligently hiring, supervising, or retaining a driver is *275 inextricably intertwined with the use of the vehicle. Accordingly, the action is necessarily deemed to arise out of the use of the vehicle, thereby triggering the "auto" exclusion. See 126 F.Supp.2d at 1378.
We are aware that a debate currently exists as to the precise limits of a "concurrent cause doctrine" that may permit insurance coverage under both the defendant's automobile insurance policy and its general liability insurance policy. See Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176 (Fla. 4th DCA 1997); see also Am. Sur. & Cas. Co. v. Lake Jackson Pizza, Inc., 788 So.2d 1096 (Fla. 1st DCA 2001); Med. Staffing Network, Inc. v. New Hampshire Ins. Co., 14 Fla. L. Weekly Fed. D390, 2001 WL 1147447 (S.D. Fla. June 15, 2001). However, in the present case, we are not required to discuss the contours of the concurrent cause theory except to hold that, when an insured defendant in a typical automobile negligence lawsuit is both the owner of the motor vehicle and the employer of the driver, the claim arises out of the ownership and use of the insured's motor vehicle. Even if the plaintiff alleges negligent hiring, supervision, or retention, the standard automobile exclusion clause in a general liability insurance policy excludes coverage for such a claim.
Affirmed.
ALTENBERND, A.C.J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.