906 So.2d 1109 (2005)
The SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, Appellant,
v.
Francisco and Lourdes TRUJILLO, individually as the natural parents of Christopher Trujillo, a minor, Appellees.
Nos. 3D04-77, 3D04-300.
District Court of Appeal of Florida, Third District.
May 4, 2005.
*1110 Pyszka, Blackmon, Levy, Mowers & Kelley, and Jeffery A. Mowers, and Cindy J. Mishcon, Miami Lakes, for appellant.
Downs & Associates, Coral Gables; David W. Brill, Miami and Ralph O. Anderson, Hollywood, for appellees.
Before GERSTEN, FLETCHER and SUAREZ, JJ.
PER CURIAM.
The School Board of Miami Dade County ("School Board"), appeals an adverse jury verdict contending that the impact rule bars recovery in this negligence action. Francisco and Lourdes Trujillo ("the Trujillos"), cross appeal.
The pertinent facts are as follows: On the first day of school, a Miami-Dade County school bus picked up the Trujillo's, four-year-old son, Christopher ("Christopher"), a special needs child. The bus arrived at 8:40 a.m., almost an hour later than his scheduled pick-up time. The bus driver then drove around the area and unsuccessfully attempted to pick up the other students and find Blue Lakes Elementary School.
Eventually, the driver obtained directions and arrived at the elementary school at 12:50 p.m. By this time, Christopher had urinated on himself at least once and appeared to be thirsty and dehydrated. Although Mr. Trujillo immediately took Christopher to a pediatrician, the pediatrician found no signs of abuse or physical injury. After the incident, however, Christopher began having nightmares, started wetting his bed and appeared to develop a fear of school buses. The Trujillos decided that Christopher would no longer ride the school bus.
The Trujillos sued the School Board alleging negligence, false imprisonment and a violation of Christopher's civil rights.[1] The Trujillos sought damages for Christopher's pain and suffering and for the additional child care and transportation costs they incurred because Christopher no longer rode the school bus.
Before trial, the School Board obtained summary judgment on the false imprisonment claim. At trial, the School Board moved for directed verdict alleging the impact rule applied because of the lack of physical injury. The trial court denied the motion for directed verdict and the School Board's request to include an instruction on the impact rule. The jury found the School Board guilty of negligence and awarded damages.
The School Board appeals, asserting that the jury verdict should be reversed because there was no physical injury and therefore the impact rule bars recovery. The Trujillos contend that the impact rule is not applicable to this case or in the alternative, the physical injury elements have been met. The Trujillos also cross-appeal *1111 the adverse summary judgment contending that the elements of false imprisonment exist. We reverse the jury verdict and affirm on the cross appeal.
The impact rule provides that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from the physical injuries the plaintiff sustained in an impact." R.J. v. Humana, 652 So.2d 360 (Fla.1995); Champion v. Gray, 478 So.2d 17 (Fla.1985). Here the Trujillos seek purely emotional and/or psychological damages. Therefore, unless the emotional damages resulted from a physical injury, the impact rule precludes recovery.
Courts apply the impact rule to cases involving purely emotional damages for several reasons. Rowell v. Holt, 850 So.2d 474 (Fla.2003). First, emotional harm is difficult to prove as the source of the injury is often elusive. Rowell v. Holt, 850 So.2d at 478. Second, courts need to assure a tangible validity to claims involving emotional or psychological harm. R.J. v. Humana, 652 So.2d at 362. If a physical impact or injury is not required, courts will be inundated with fictitious or speculative claims and defendants' abilities to defend themselves will be paralyzed. R.J. v. Humana, 652 So.2d at 363.
Here, neither the pediatrician nor the psychologist who examined Christopher found any physical or emotional injuries. As Christopher is non-verbal, he was unable to confirm the extent of his mental pain and suffering and was not available for cross-examination. Without a physical injury, measuring Christopher's emotional damages would be difficult if not impossible.
Because Christopher did not suffer a physical injury or impact and his emotional injuries are intangible, the impact rule applies and therefore precludes recovery of damages. See Gilliam v. Stewart, 291 So.2d 593 (Fla.1974)(impact rule precludes recovery for mental pain and suffering where victim was frightened but suffered no physical contact as a result of car colliding into her house); Ruttger Hotel Corp. v. Wagner, 691 So.2d 1177 (Fla. 3d DCA 1997)(impact rule precluded recovery where robber's actions in holding a gun to victim's head and pushing victims into a bathroom were insufficient to establish a physical injury).
Next, we affirm on the cross appeal. There is no evidence that the School Board or its employees intended to confine Christopher, had knowledge that confinement would result, or that Christopher was prevented from leaving the bus or held against his will. See Hernandez v. Metro-Dade County, 992 F.Supp. 1365 (S.D.Fla.1997). Rather, the evidence shows that the bus driver picked Christopher up and thereafter got lost. This hardly amounts to false imprisonment.
Accordingly, we reverse and remand with instructions for the trial court to enter a judgment not withstanding the verdict in favor of the School Board. We affirm on the cross appeal.
Reversed in part, affirmed in part.
NOTES
[1] The Trujillos originally filed this action in Federal Court. The court entered summary judgment on the civil rights claim and remanded to the trial court for the state claims.