922 So.2d 301 (2006)
MIAMI-DADE COUNTY, Appellant,
v.
Denis CARDOSO, Appellee.
No. 3D05-313.
District Court of Appeal of Florida, Third District.
February 15, 2006.
Rehearing Denied March 17, 2006.
Murray A. Greenberg, Miami-Dade County Attorney, and Eric K. Gressman, Assistant County Attorney, for appellant.
Michael Garcia Petit, Miami, for appellee.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
Between September 1996 and July 1999, Denis Cardoso ("Cardoso") was arrested by various police officers eighteen (18) times for peddling flowers out of his truck near a cemetery in Miami, Florida. It is undisputed that Cardoso had a peddler's license since 1988, but did not have a certificate of use and occupancy.
Cardoso filed a complaint against Miami-Dade County ("County"), asserting eighteen (18) counts of false arrest and/or *302 imprisonment, one count of negligent training and supervision, and one count based upon 43 U.S.C. § 1983 liability.[1] After trial, the jury returned a verdict in favor of Cardoso and awarded him $77,222 as to the negligent supervision and training claim, which was reduced to $55,599.84 after calculating Cardoso's comparative negligence. The jury also returned a verdict in favor of Cardoso on eight (8) of his false arrest and/or imprisonment claims, awarding him a total $22,000 for those claims.
The County filed a motion for judgment notwithstanding the verdict, which the trial court ultimately denied. The trial court entered a final judgment in favor of Cardoso in the total amount of $77,599.84. The trial court also awarded Cardoso $5,000 as taxable costs. The County appeals from (1) the final judgment awarding Cardoso $77,599.84, (2) the order granting Cardoso $5,000 as taxable costs, and (3) the order denying the County's motion for new trial and/or motion for judgment notwithstanding the verdict.
As one of its main contentions on appeal, the County claims that the trial court erred in awarding Cardoso damages based on negligence, as he failed to show impact or physical injury. Based on the impact rule, we reverse the award for damages relating to Cardoso's count for negligent training and supervision. See R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla. 1995); School Bd. Of Miami-Dade County, Florida v. Trujillo, 906 So.2d 1109 (Fla. 3d DCA 2005); Ruttger Hotel Corp. v. Wagner, 691 So.2d 1177 (Fla. 3d DCA 1997); Jordan v. Equity Props. and Dev. Co., 661 So.2d 1307 (Fla. 3d DCA 1995). Since we have vacated the jury's damage award relating to negligence, which may have affected the jury's award for Cardoso's false arrest claims, we remand for a new trial on damages only as to Cardoso's eight (8) successful false arrest and/or imprisonment claims.
We affirm the trial court's rulings on all other issues on appeal.
Reversed and remanded in part; affirmed in part.
WELLS, J., concurs.
SCHWARTZ, Senior Judge (specially concurring).
While I agree with the result, I would not base the elimination of the $77,222 award on the "impact" doctrine, the applicability of which is  at best, and to say the least  highly problematic. See Rowell v. Holt, 850 So.2d 474, 478 n. 1 (Fla.2003); Holt v. Rowell, 798 So.2d 767, 772 n. 3 (Fla. 2d DCA 2001), approved in part and quashed in part, 850 So.2d 474 (Fla.2003).
Instead, I believe that the award is unsustainable because "negligent training" is not, as a matter of law, a distinct theory of liability for compensatory damages which can form the basis of a separate award. See Muzzio v. Auto-Owners Ins. Co., 799 So.2d 272, 274-75 (Fla. 2d DCA 2001), review denied, 817 So.2d 848 (Fla.2002); Petrik v. New Hampshire Ins. Co., 379 So.2d 1287, 1289 (Fla. 1st DCA 1979), cert. denied, 400 So.2d 8 (Fla.1981); Clooney v. Geeting, 352 So.2d 1216, 1220 (Fla. 2d DCA 1977). In this context, such evidence may only serve to support the vicarious or *303 derivative liability of an employer when the active tortfeasor is either not liable or is acting beyond the scope of his employment. In this case, in which it is admitted both that the police officers were actually responsible for the alleged false arrests and that they were acting in the course of their employment, the negligent training theory served no legal purpose and should not have been submitted to the jury. Petrik, 379 So.2d at 1289; Clooney, 352 So.2d at 1220.
NOTES
[1] The County removed the case to federal district court. While the case was in the federal court, Cardoso filed an amended complaint. The County filed a motion for summary judgment in the federal court as to the § 1983 count, which the federal district court granted. The Eleventh Circuit Court of Appeals affirmed and remanded the false arrest and negligence claims to state court. Cardoso v. Miami-Dade County, 54 Fed.Appx. 685 (11th Cir.2002).