LAWSON, J.,
dissenting.
Southeast Unloading, LLC, appeals a final judgment in favor of Louis Lucas. On appeal, Southeast contends that the trial court reversibly erred in failing to apply Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977), which should have prohibited Lucas from pursuing a cause of action for negligent training against Southeast. This is because Southeast admitted liability for the actions of its employee, a forklift operator whose negligence (inattention) while backing up a forklift was alleged to be the direct and proximate cause of Lucas’ injuries.[1] Under Clooney, once an employer has admitted respondeat superior liability for an employee’s negligence, it is generally improper to allow a plaintiff to proceed against the employer on other theories of imputed liability. See, e.g., Muzzio v. Auto-Owners Ins. Co., 799 So.2d 272 (Fla. 2d DCA 2001); Clooney, 352 So.2d at 1220. Appellee urges that we conflict with Clooney, arguing that its holding should not survive in a comparative fault system. While Clooney represents the majority view on this issue,[2] Ap-pellee’s argument for abandoning Clooney has support in some jurisdictions. See, e.g., Marquis v. State Farm, 265 Kan. 317, 961 P.2d 1213 (1998); Lim v. Interstate Steel Div., Inc., 435 N.W.2d 830 (Minn.App.1989); Respondeat Superior as an Affirmative Defense: How Employers Immunize Themselves From Direct Negligence Claims, 109 Mich. L. Rev. 657 (Feb. 2011).
The majority, however, does not reach this issue in a written opinion. This is apparently because, in the majority’s view, either (1) any error in allowing the jury to consider the additional cause of action was harmless in this case; or (2) consideration of the issue is barred by application of the “two issue rule.” See, e.g., Whitman v. Castlewood Int’l Corp., 383 So.2d 618, 619 (Fla.1980). I disagree.
Admittedly, Lucas did not present a great deal of evidence in support of his negligent training theory (in fact, Southeast also argues on appeal that the evidence was insufficient to the point that the trial court should have directed a verdict on that count). So, I understand the majority’s apparent conclusion that any error in failing to follow Clooney was harmless in this case. However, the evidence did suggest that the Southeast forklift operator who struck Lucas had been tested shortly before the accident as part of Southeast’s training program and was probably not sufficiently attentive while backing up the forklift during the test— the same act of negligence alleged as the cause of Lucas’ injuries.[3] “Ordinarily, if there has been error in the admission of evidence, the burden is on the beneficiary of the error to establish that the error was harmless.” Flores v. Allstate Ins. Co., 819 So.2d 740, 751 (Fla.2002) (citing Sheffield v. Superior Ins. Co., 800 So.2d 197, 203 (Fla.2001)). Although perhaps a close call, I am not convinced that admission of this evidence, if erroneous, was harmless.
*707 With respect to the two-issue rule, I also understand the argument for application of the rule in this case. The rule provides:
[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced.
Whitman, 383 So.2d at 619. At trial, Southeast agreed to a general verdict form. So, the jury was never asked to differentiate between Southeast’s alleged negligence and that of its employee. Yet, if the jury had given any weight to the negligent training evidence, it probably would have reflected this in a separate finding of negligence against Southeast, had it been given that opportunity. So, use of a general verdict form does hamper our ability to gauge the effect of admission of the negligent training evidence in this case.
But, that is not the full test for use of the two issue rule. The test also requires that there be no error with respect to one of the two theories or causes of action presented to the jury. Id. That is not true here. To the contrary, if the jury believed that the forklift operator was inattentive while backing up his forklift during the training exercise, this almost certainly would have had a prejudicial effect on its consideration of the cause of action against the employee. In other words, the jury would have considered the otherwise irrelevant and prejudicial evidence of the employee’s prior negligent act by making an impermissible inference that the employee was negligent on the occasion in question. Because the error, if any, in admitting this evidence would likely have affected both verdicts, had separate interrogatories been used, I do not view this as a two-issue rule case. However, since I am in the minority on this point, I believe it important to at least alert practitioners who find themselves at trial in a similar case that use of a general verdict form might preclude appellate review on this important issue.

. Although other issues were raised on appeal, I agree with the majority's determination that no other issue would merit relief or discussion.

. Nineteen jurisdictions, including California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Kentucky, Maryland, Mississippi, Missouri, New Jersey, New Mexico, New York, Tennessee, Washington D.C., and Wyoming have adopted the majority rule. See Richard A. Mincer, The Viability of Direct Negligence Claims against Motor Carriers in the Face of an Admission of Respondeat Superior, 10 Wyo. L. Rev. 229, 235 & n. 20 (2010).

.It was uncontroverted that after the testing, Southeast returned this employee to his job with no instruction or training on safe or proper backing techniques.