63 So.3d 865 (2011)
Javier TREVINO, Maria I. Trevino and Joel Trevino, Appellants/Cross-Appellees,
v.
Rita MOBLEY, etc., Appellee/Cross-Appellant.
Nos. 5D08-2626, 5D08-3731.
District Court of Appeal of Florida, Fifth District.
June 10, 2011.
Kevin D. Franz of Lane, Reese, Summers, Ennis & Perdomo, P.A., Coral Gables, and James A. Edwards and Scott J. Edwards, of Zimmerman, Kiser, and Sutcliffe, P.A., Orlando, for Appellants/Cross-Appellees.
*866 Jamie Billotte Moses of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., and David A. Paul of Paul & Perkins, P.A., Orlando, for Appellee/Cross-Appellant.
JACOBUS, J.
This case emanates from a tragic and fatal accident that occurred on the night of July 29, 2006. Twenty-year-old Heather Mobley was killed instantly when the Ford Escort she was driving was struck head-on by a Hummer H2. The Hummer was owned by Maria and Joel Trevino and driven by their twenty-one-year-old son, Javier Trevino. At the time of the accident, the driver of the Hummer was speeding, driving without his headlights on, and passing another vehicle in a no-passing zone.
Rita Mobley, Heather's mother and personal representative, filed a wrongful death action against Javier Trevino and his parents, Joel and Maria. This is an appeal by the Trevinos from the final judgments that were ultimately entered in Rita Mobley's favor following the jury trial. Mobley cross-appeals.
The Trevinos raise four issues on appeal. They argue the trial court erred by: (1) entering a directed verdict that found Javier was driving the Hummer at the time of the accident; (2) allowing the jury to award punitive damages against Javier; (3) failing to grant a remittitur of the $5 million award of noneconomic damages; and (4) failing to grant a remittitur of the $10 million awarded in punitive damages. On cross-appeal, Mobley argues the trial court erred by entering a directed verdict in favor of the Trevinos on her negligent entrustment claims.
As to the issues raised by the Trevinos, we affirm. The uncontradicted evidence established that Javier was driving the Hummer, and the directed verdict on that issue was proper. The award of punitive damages against Javier is affirmed because there was ample evidence to support the grounds for the award found by the jury and to support the amount awarded by the jury. There was also competent substantial evidence to support the noneconomic damages awarded. In short, we find that the issues raised by the Trevinos on appeal are without merit.
The issue on cross-appeal is a different matter. Mobley's argument challenging the adverse directed verdict on her negligent entrustment claims is well-taken. The negligent entrustment claims were against Maria and Joel Trevino (Counts IV and V of the complaint, respectively). These claims were to be tried in a third phase of the trial, after the jury decided the issues of compensatory and punitive damages. In granting the directed verdict, the trial court found that the negligent entrustment claims were concurrent theories of liabilitythat is, the claims would impose no additional liability because the jury had already found Maria and Joel Trevino vicariously liable for their son's negligence under the dangerous instrumentality doctrine (Counts II and III, respectively).
The concept relied upon by the trial court comes from Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977). The court there concluded that negligent hiring and negligent entrustment claims were properly stricken from the plaintiff's complaint. The court recognized that such claims are generally cognizable in Florida, but it cautioned that there are circumstances in which the claims will not be allowed. The court explained:
Where these theories impose no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury. The *867 reason for this is a very practical one: Under these theories the past driving record of the driver will of necessity be before the jury, so the culpability of the entrusting party can be determined. As was said in Dade County v. Carucci, 349 So.2d 734, 735 (Fla. 3d DCA 1977), "Ordinarily, the evidence of a defendant's past driving record should not be made a part of the jury's considerations."
Here Counts II through V impose no additional liability on Anderson Mfg. Anderson has not denied ownership or permitted use of the truck driven by Geeting; therefore, it is liable for Geeting's negligence under the vicarious liability doctrine. Since the stricken counts impose no additional liability but merely allege a concurrent theory of recovery, the desirability of allowing these theories is outweighed by the prejudice to the defendants.
Id. at 1220 (citations omitted).
Clooney was decided prior to the 1999 enactment of section 324.021(9)(b)3., Florida Statutes, which limits the noneconomic damages awardable against a vehicle owner for damages caused by the negligence of a permissive user. That provision concludes with a sentence that states: "Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence." § 324.021(9)(b)3., Fla. Stat. (2006).
Before section 324.021(9)(b)3. was enacted, a vehicle owner held vicariously liable under the dangerous instrumentality doctrine was liable to the same extent as the negligent permissive driver. Imposing direct liability against the owner for negligent entrustment in that situation would not increase the owner's liability. The situation changed with the advent of section 324.021(9)(b)3. The statute limits a vehicle owner's exposure for vicarious liability, but it does not apply to limit the owner's direct liability for his or her own negligence. Thus, a negligent entrustment claim could subject the owner to additional liability. The liability of an owner found directly liable for negligent entrustment would still be restricted to his or her percentage of fault under comparative negligence principles, but it would not be limited by section 324.021(9)(b)3.
In the present case, the jury awarded a total of $5 million[1] in noneconomic damages in favor of Mobley and against Javier, Joel, and Maria Trevino. Maria and Joel's vicarious liability was capped at $100,000 in accordance with section 324.021(9)(b)3. For the reasons just explained, Mobley's negligent entrustment claims had the potential to increase Maria and Joel's liability for damages. Those claims should have been allowed to proceed because they were not concurrent theories of liability.
We remain mindful of the prejudice problems pointed out in Clooney. However, there are a number of procedural mechanisms that can be used to ensure that a defendant's past driving record is excluded from the jury's determination of the driver's negligence, but included in the jury's determination of the vehicle owner's culpability for negligent entrustment. The type of three-phase trial agreed to by the parties in the present case is just one example.
For the foregoing reasons, we affirm as to the issues raised by the Trevinos on appeal. We reverse as to the issue on cross-appeal. That is, the directed verdict entered in favor of Maria and Joel Trevino on Rita Mobley's negligent entrustment claims is reversed and the cause remanded *868 for a trial on those two claims. We note that, due to the procedural posture of this case, the issue of damages has already been determined. The only matter to be tried is the direct liability, if any, of Maria and Joel Trevino. If they are found directly liable for negligent entrustment, Maria and Joel Trevino's liability will be restricted to their percentage of fault under comparative negligence principles, but it will not be limited by section 324.021(9)(b)3.[2]
AFFIRMED in Part; REVERSED in Part; and REMANDED with instructions.
ORFINGER, J., concurs.
SAWAYA, J., concurs specially with opinion.
SAWAYA, J., concurring.
This case demonstrates why the decision in Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977), should be abandoned and no longer followed by the courts in this state.
NOTES
[1] This figure represented $2.5 million for Rita Mobley's past pain and suffering from losing her daughter and $2.5 million for her future pain and suffering.
[2] In other words, if the jury finds Maria and Joel Trevino liable for negligent entrustment, it should proceed to determine their percentage of fault and Javier's percentage of fault. Needless to say, this would have been a much simpler matter had the third phase of the trial been allowed to proceed as planned.