DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY JONES,**
Appellant,

v.

**DIONISIOS THEODORE VASILIAS, NORTH AMERICAN AUTOMOTIVE SERVICES, INC., DAVID MARSHALL,** and **STEVE IGNOWSKI,** et al.,
Appellees.

No. 4D21-3476

[March 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2020-CA-001204-XXXX-MB.

Andrew A. Harris and Grace Mackey Streicher of Harris Appeals, P.A., Palm Beach Gardens, and Neil P. Anthony of Steinger, Greene & Feiner, West Palm Beach, for appellant.

Jack R. Reiter and Jonathan L. Gaines of GrayRobinson, P.A., Miami, for appellees, North American Automotive Services, Inc., David Marshall, and Steve Ignowski.

CONNER, J.

This appeal addresses the dismissal of a complaint for failure to state a cause of action where supervising employees of a corporation were sued individually for an automobile accident caused by a subordinate employee of the corporation.

The underlying action arose from a crash suffered by the appellant ("the plaintiff") while riding his bicycle along the busy street in front of an automobile dealership as an employee was leaving in a dealership van for a delivery. Responding to the operative complaint, the dealership admitted ownership of the van and that the driver was driving the van with permission while in the course of his employment when the crash occurred.

In addition to a claim for negligent driving against the driver and the dealership, the operative complaint asserted direct negligence claims against the general manager and the service manager (collectively "the supervisors"). The service manager was the one who sent the driver to make the delivery. Below and on appeal, the plaintiff collectively refers to the direct liability claims against the supervisors and the general manager's employer, North American Automotive Services, Inc. ("North American"), as "negligent employment" claims, and we will do the same in this opinion. Specific claims of liability will be noted more fully below.

We determine the trial court erred in dismissing the direct negligence claims against the supervisors because it erroneously applied caselaw. Because the direct negligence claim against the general manager was improperly dismissed, it was also an error to dismiss the vicarious liability claim against North American. We reverse for further proceedings. As explained more fully below, we emphasize that our opinion is based on the pleading-stage procedural posture of this case.

*Background*

In addition to a claim of negligent driving against the driver and the dealership, the operative complaint asserted causes of action against the supervisors for negligent training, retention, supervision, and entrustment. As to the service manager, the complaint also alleged negligent hiring. As to North American, the complaint asserted vicarious liability for the acts of its employee, the general manager.

The supervisors and North American each moved to dismiss the respective claims against them for failure to state a cause of action. Citing *Clooney v. Geeting*, 352 So. 2d 1216 (Fla. 2d DCA 1977), the supervisors argued that the plaintiff could not allege an independent cause of action against them where the dealership had already admitted it employed the driver and the driver was driving its vehicle with its permission at the time the accident occurred. The supervisors also argued that a necessary element for the cause of action against them was that the supervisors committed a tort outside of their employment (which was not alleged in the complaint). North American's motion to dismiss argued that if the claim against the general manager were dismissed, the vicarious liability claim against North American would fail as well.

The plaintiff responded that the negligent employment claims present distinct theories of liability from the claims against the driver and the dealership, and that the supervisors' scope of employment argument was not applicable to actions against them.

2

The trial court granted all three motions to dismiss, observing that the dealership had admitted the driver was driving its vehicle with permission while in the scope of employment at the time of the crash. The dismissal order stated that the *Clooney* court "disallowed and [struck] causes of action for negligent supervision and retention when the employer admits the employee was acting in the course and scope of his duties," and noted caselaw holding that negligent hiring and retention actions require acts outside the scope of employment. The dismissal order concluded:

> Here, there are only concurrent theories of liability. The only torts alleged by defendants [the general manager] and [the service manager] relate to their hiring and retention of [the driver] as a driver for [the dealership]. There is no allegation that the vehicle they gave him had bad brakes or other faulty equipment (the example in *Clooney, supra*) or that there is a separate theory of liability such as a punitive damage claim against [the dealership].

After final orders were entered dismissing the negligent employment claims with prejudice, the plaintiff gave notice of appeal.

*Appellate Analysis*

The plaintiff contends on appeal that the trial court erred in dismissing his claims against the supervisors and North American by ruling that, pursuant to *Clooney*, negligent employment claims against an individual supervisor must allege that the subordinate employee's negligent acts were outside the scope of employment.

A ruling on a motion to dismiss for failure to state a cause of action is an issue of law reviewed de novo. *Regis Ins. Co. v. Miami Mgmt., Inc.*, 902 So. 2d 966, 968 (Fla. 4th DCA 2005). "When determining the merits of a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true, with all reasonable inferences drawn in favor of the pleader." *Id.*

The trial court concluded that the negligent employment claims alleged concurrent theories of liability against the dealership involving the supervisors and North American. The trial court justified that conclusion by relying on *Clooney*; *Acts Retirement-Life Communities, Inc. v. Estate of Zimmer*, 206 So. 3d 112 (Fla. 4th DCA 2016); *City of Boynton Beach v. Weiss*, 120 So. 3d 606 (Fla. 4th DCA 2013); and *Belizaire v. City of Miami*, 944 F. Supp. 2d 1204 (S.D. Fla. 2013). The trial court interpreted those

cases to stand for the proposition that negligent employment claims must allege that the acts of the employee causing an accident were acts outside the scope of employment.

In *Clooney*, the Second District noted that Florida generally recognizes negligent employment claims against employers. 352 So. 2d 1220. However, the Second District held that, in the context of an automobile injury case, the trial court properly struck negligent employment claims against the employer because those claims imposed no additional liability for acts within the scope of employment beyond the negligent driving of the employee. *Id.* The Second District reasoned:

> The reason for this is a very practical one: Under [negligent employment] theories the past driving record of the driver will of necessity be before the jury, so the culpability of the entrusting party can be determined. As was said in *Dade County v. Carucci*, 349 So. 2d 734, 735 (Fla. 3d DCA 1977), "Ordinarily, the evidence of a defendant's past driving record should not be made a part of the jury's considerations."

*Id.* Thus, the trial court in the instant case interpreted *Clooney* and its progeny to prohibit negligent employment claims in all instances where the employer admits the acts causing injury were committed within the scope of employment.

The trial court's reliance on *Clooney* was misplaced. In *Clooney*, the plaintiff did not allege direct negligence against the employer. 352 So. 2d at 1219-20. Instead, the two counts which the trial court struck alleged concurrent theories of recovery based on vicarious liability for the driver. *Id.* In short, the counts were redundant. Additionally, the negligent employment claims in *Clooney* were brought against the *employer*, and not *individually against a supervisor*. In the instant case, the plaintiff did not plead any negligent employment claims against the employer of the driver causing the accident. Instead, the negligent employment claims were against the supervisors individually, and vicariously against an employer of one of the supervisors (who was not the driver's employer).

"It is well-settled . . . that individual officers and agents of a corporation may be held personally liable for their tortious acts, even *if such acts were committed within the scope of their employment* or as corporate officers." *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997-98 (Fla. 4th DCA 2000) (emphasis added); *see also Greenberg v. Post*, 19 So. 2d 714, 717 (Fla. 1944) ("It is well settled that an employee may be held personally liable at the suit of a third person for positive negligent acts committed by him even

4

though his employer may likewise be liable for the servant's negligent conduct when exercised within the scope of the employment."). Additionally, Florida courts have emphasized that the officer cannot be personally liable "for [his] torts merely by reason of his official character[,]" but he is liable for torts where he "commits or participates in the commission of a tort." *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981) (citation omitted); *see also Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633-34 (Fla. 4th DCA 2022); *McElveen v. Peeler*, 544 So. 2d 270, 271 (Fla. 1st DCA 1989). "A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character." *Orlovsky*, 405 So. 2d at 1364 (citation omitted). "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." *White-Wilson Med. Ctr. v. Dayta Consultants, Inc.*, 486 So. 2d 659, 661 (Fla. 1st DCA 1986).

In the instant case, the trial court erred to the extent it concluded that a negligent employment claim against a supervisor individually requires that the subordinate employee's actions be outside the scope of employment. A claim of negligent hiring, training, retention, supervision, or entrustment against a supervisor individually, as opposed to the corporate employer, does not depend on whether the subordinate employee's actions were outside the scope of employment. *See Steinger*, 760 So. 2d at 997-98; *Orlovsky*, 405 So. 2d at 1364 (determining a corporate officer who participates in a tort is liable to third persons injured thereby "and it does not matter what liability attaches to the corporation for the tort" (citation omitted)). However, such negligent employment claims must include more than just general or vague assertions of the supervisor's responsibilities: they must include facts showing the supervisor's "personal involvement" in a tort that led to the plaintiff's injuries, or "*at least knowledge amounting to acquiescence in the wrongful act.*" *Costa Invs., LLC*, 353 So. 3d at 634 (emphasis added) (quoting Speiser et al., 1A Am. Law of Torts § 4:24 (2022))); *see also Home Loan Corp. v. Aza*, 930 So. 2d 814, 815-16 (Fla. 3d DCA 2006) (reversing dismissal of a complaint for negligent misrepresentation where the complaint alleged the corporate officer prepared and signed the document containing the misrepresentation).

The complaint here alleged sufficient facts to avoid dismissal of the negligent employment claims. The complaint alleged facts to show that although the collision with the plaintiff occurred just off corporate property and the supervisors were not in or around the van at that time, the supervisors at least "[had] knowledge amounting to acquiescence in the wrongful act" of allowing the driver to drive the van under circumstances

demonstrating he was unfit to do so. Thus, we reverse the trial court's dismissal of the complaint against the supervisors. Having determined that the trial court improperly dismissed the claim against the general manager, we also reverse the dismissal as to his employer, North American. *See Luebbert v. Adventist Health Sys./Sunbelt, Inc.*, 311 So. 3d 334, 336 (Fla. 5th DCA 2021) ("The theory of vicarious liability holds employers liable for the negligence of their employees committed within the scope of employment.").

We again emphasize that our opinion is based on the pleading-stage procedural posture of this case. We also point out that our conclusions as to the sufficiency of the pleadings do not determine how the elements of the cause of action will play out as discovery reveals more details of the facts of this case.

*Conclusion*

Having determined the trial court erred in dismissing the individual employment liability claims against the supervisors and the vicarious liability claim against North American, we reverse the dismissal order and remand for further proceedings.

*Reversed and remanded for further proceedings.*

MAY and LEVINE, JJ., concur.

*　　　*　　　*

**Not final until disposition of timely filed motion for rehearing.**